# COURT OF APPEALS.

## CHITTENDEN agt. THE MISSIONARY SOCIETY OF THE METHODIST EPISCOPAL CHURCH AND OTHERS.

A decree which declares a legacy wholly void as to one defendant, and directs a reference for an accounting by the executors, (also defendants,) for the personal property which has come into their hands, belonging to the estate; and is silent on the question of costs, as to the defendant whose legacy is declared void; but reserves all other questions until the coming in of the report of the referee, is not such a final decree against the defendant whose legacy is declared void, that he can appeal to this court, pending the reference

*September Term,* 1853. The bill in this cause was filed by the plaintiff, amongst other things, to procure a judgment or decree declaring invalid certain legacies to the defendants, the

said Missionary Society, in the last will of Daniel M. Chittenden, deceased. The executors are made defendants that they may be made to account for the property in their hands. Another object of the bill was to procure a decree declaring another legacy to the trustees of the Presbyterian Church of Churchville, to be invalid. The decree declares this last legacy to be valid, and dismisses the bill as to this party, and directs that the trustees of said church recover against the plaintiff their costs, to be taxed. The decree also declares the legacy to the said Missionary Society to be invalid and wholly void, and decrees that the executors account to the plaintiff for the personal property which has come into their hands, belonging to the estate of the said Daniel M. Chittenden, deceased, and directs a reference to take and state an account thereof. The decree provides that the said executors, defendants, have their costs paid out of the said estate to be taxed. The decree is entirely silent as to the question of costs between the plaintiff and the said Missionary Society, but it provides that all other questions are reserved until the coming in of said report. While this reference was pending the said Missionary Society have appealed from the said judgment or decree to this court, and a motion is now made to dismiss the appeal for the reason that the cause is not in such a state that an appeal can be had.

Mason, J.—I am of opinion that this appeal should be dismissed for two reasons. In the first place no appeal can be had while this reference is pending, the policy of the Code being to allow but one appeal in the suit, and which cannot therefore be made till the suit is finally terminated against all the parties to it. (Code, §§ 11, 245, 328;) Swarthout agt. Curtis, (4 Comst. R. 415, 416, 417.

But, secondly, the judgment or decree of the court below is not final, between the plaintiff and this Missionary Society, as the question of costs are reserved until the coming in of the report of the referee. This being one of the cases where the costs are, by section 306 of the Code, in the discretion of the court; a decree which is silent as to the costs, but reserves all other

questions until the coming in of a certain report, must be deemed to have reserved the question of costs.

This appeal should be dismissed for the reasons above stated, but as the practice does not seem to have been settled in such a case, I think it should be dismissed without costs.