Lawrence agt. Fowler.

## SUPREME COURT.

CALVIN B. LAWRENCE agt. HYSLOP G. FOWLER, Executor, &c.

HYSLOP G. FOWLER, Executor, &c., agt. CALVIN B. LAWRENCE.

Where two suits between the same parties in the nature of cross actions in equity, involving an *accounting* between the parties, were referred to the same referee, and were heard together as one cause, and in the first action the referee reported that the parties were joint owners and tenants in common of the lands in question, and that the defendant had paid a certain amount on account of the purchase more than the plaintiff, and ordered partition of the premises, and appointed commissioners for partition; in the second action the referee reported that he had stated the account, and found due from the defendant to the plaintiff a certain sum,

To each decision, the plaintiff in the first action and defendant in the second, *excepted*, "to each and every finding and decision of the referee upon questions of fact, and to each and every conclusion of law arrived at by said referee, and to each and every part thereof as contained in the report of said referee in this action," and judgments upon the reports having been entered,

*Held*, that the appeal in the first action must be *dismissed*, as there was no *final* judgment entered, and in the second, the judgment must be affirmed, as there was no *exception* which could be reviewed. The exceptions in both cases (which were alike) were entirely *insufficient*.

In equity, while the *case* must be the same as at law, and contain the findings and exceptions, the *exceptions* must so far as they relate to matters of account and detail, be *specific*, pointing to the particular error claimed in the account; as specific as was required to a master's report under the former practice in chancery.

*It seems* to be a mistake in the Code to require the whole issues in equity actions to be tried before a *referee* or a *single judge* in the same way with legal actions.

*Monroe General Term, September*, 1860. *Cases argued and decided December*, 1860, *before* SMITH, JOHNSON *and* KNOX, *Justices.*

APPEAL in each cause, from judgment on report of referee.

The first of these actions was commenced by the plaintiff, Lawrence, against the defendant's testator, Gallup, on the 12th day of February, 1855, and the second action was commenced by Gallup against Lawrence, on the 17th day of the same month. The allegations in the complaint in the first entitled action are substantially as follows :

1st. That the said Lawrence and Gallup, on or about the 15th day of March, 1850, purchased of one Allen a lot of land in the town of Portage, containing eighty-eight and thirty-seven one-hundredths acres; and that in the month of June, 1850, they purchased of one Anthony, another lot of land, situate in the said town of Portage, containing one hundred and four and one-half acres, which lots are respectively known as the Allen and Anthony lots. That by the agreement between the parties, each party was to pay one-half of the purchase money of the said premises and that they are seized in fee as tenants in common in equal proportions of said lands. That a part of the purchase had been paid by the plaintiff and a part by the defendant. That the said Gallup was an aged man without near relations, and worth more than 12,000; that he had no relations, or next of kin, nearer than nephew; that he had for many years been on terms of intimate friendship with Lawrence and his family, and that it was understood and agreed that Lawrence should take charge of said lands, and the manufacture and sale of the lumber made therefrom, and should manage the same for his own exclusive benefit, and that Gallup should not assert any claim for said land or the profits of manufacturing said lumber unless he should meet with some unexpected loss of property and should need the same for his support. That the plaintiff did take charge of said lands and the business of manufacturing lumber. That afterwards by an agreement between the parties, the plaintiff erected a steam mill upon the Allen lot, entered into a contract for cutting and delivering logs from said lots, and for clearing, fencing, and putting under cultiva-

tion the said lands, and expended large sums of money
in improvements on said lands, and manufactured a large
amount of lumber. That the defendant had not met with
any unexpected loss of property, and that he had commenced
an action claiming to be tenant in common with the plain-
tiff in the said lands and the crops raised thereon, and in
the logs cut thereon and in the lumber manufactured from
the same, which suit was afterwards discontinued.

The plaintiff asks that the respective rights of the par-
ties to said lands may be declared and that partition
thereof be made and that an account be taken as to the
several matters-stated in the complaint.

The answer admits the purchase of the lands as stated
in the complaint, but denies any agreement that the pur-
chase of the lands or the manufacture of the lumber there-
from should be for the sole benefit of the plaintiff, denies
other material allegations in the complaint, and demands
an accounting between the parties.

The second suit was commenced by Gallup, against Law-
rence, and the complaint therein alleges the purchase of
the Allen and Anthony lots by the parties as tenants in
common, and that the plaintiff, (Gallup,) had paid more than
one-half of the purchase price thereof. That the defendant
Lawrence had received money from the plaintiff, Gallup,
to be used in the manufacture of lumber. That the defend-
ant had received moneys for lumber and timber sold; for
crops raised on said lands for which he was indebted to the
plaintiff, and that the plaintiff had advanced divers sums
of money in and about the said business, one half of which
the defendant was bound to pay.

Lawrence in his answer, sets up the pendency of the first
action as a bar to this, and also for a further answer sets
up the same matters substantially as are alleged in the com-
plaint, and also denies specifically the several allegations of
indebtedness contained in the complaint. The two actions
were referred to Washington Barnes, Esq., as sole referee,

and were tried together as one action. It was claimed on the part of Lawrence that he could not be called on to account, for the reason that he had been induced to enter into the purchase of the lands and the other business connected therewith, by reason of the promise of Gallup that the same should enure to the benefit of Lawrence and his family; and this question was first tried and decided by the referee adversely to Lawrence, to which decision Lawrence excepted. The parties then proceeded to an accounting before the referee.

In the first action the referee reported that the parties were tenants in common of the lands in question, and that Gallup had paid on account of the purchase of said lands $6,041.67. more than Lawrence, and ordered partition of the premises accordingly, and that commissioners be appointed to make such partition and division. After giving directions to said commissioners in making such partition, it was ordered that all questions of cost in the cause be reserved until the giving of final judgment therein.

The plaintiff excepted to this decision, as follows: The said Lawrence excepts to each and every finding and decision of the referee upon questions of fact, and to each and every conclusion of law arrived at by said referee, and to each and every part thereof as contained in the report of said referee in this action.

In the second action the referee reported that there was due from Lawrence to Gallup, $1,250.

To this decision Lawrence excepted, in the same words as in the first action above stated.

Judgment has been entered in both cases on the report of the referee.

G. HASTINGS, *for Lawrence.*

I. The referee erred in requiring Lawrence to account, and especially for requiring him to account for the proceeds

of crops raised by him on the lands in question. Taking the strongest view of the case against Lawrence, he was only a tenant in common with Gallup, and could not be called on to account for the use of the lands.

One tenant in common, who possess the entire premises, without any agreement with his co-tenant as to his possession, or any demand on the part of his co-tenant to be allowed to enjoy the premises, is not liable to account for the use and occupation of the premises. ( *Woolever* agt. *Knapp*, 18 *Barb.*, 265.)

In this case, Lawrence went into possession of the lands, with the express understanding that he was to have the whole benefit of the improvement and use of the lands.

II. If Lawrence, in the circumstances, was under any obligation to account, there are errors in the account as stated by the referee, which are fatal to the judgment.

1st. The referee allowed too large a price for the lumber sold by Lawrence.

2d. He should not have charged Lawrence for the use of the saw mill when sawing his own logs. As he was tenant in common of the mill, he had a right to use it for his own individual purposes. There is nothing in the case to show that either party expected him to pay for the use of the mill.

3d. For the same reason the referee erred in charging Lawrence with the use of the mill for sawing logs of other people, his customers. Besides there is no evidence that he received payment for his sawing.

4th. He erred in allowing Gallup interest on his advances. Lawrence is charged with the use of the common property and by the judgment is made to pay Gallup one-half of all the profits arising from the use and occupation of the land. Gallup is then allowed interest on all his advances. He thus has interest on his money and also the use of the land in which he invested the same money.

5th. Gallup is not charged with all the money Lawrence

paid him.   Lawrence is credited with the payment to Gal-
lup at various times of $2,177.75, (case, fol. 466,) while
Gallup is only charged for money received from Lawrence
$1,527.75.

Lawrence is charged with 51,000 staves sold.   The
amount was 30,000 at $6.00 per M.

III. The action by *Lawrence* agt. *Gallup* was first com-
menced and covers the whole ground of both actions.   It
is, therefore, a perfect bar to the action commenced by
Gallup.   (*Groshon and others* agt. *Lyon,* 16 *Barb. S. C.
Rep.* 461.)

G. RATHBUN, *for Fowler, executor, &c.*

*First.* There is no case in either of these appeals to be
examined.   They having by rule duly entered, been declared
abandoned.   (*Rule* 37.)

*Second.* This appeal of *Lawrence* agt. *Fowler,* is from an
interlocutory judgment.   Final judgment in this action was
perfected on the third day of December, 1858.   On an
appeal from the final judgment only, can the merits of this
action be reviewed.   On this appeal, (if such order is
appealable,) the only question is whether on the referee's
report as it stands, this was the proper order to enter; and
this order having been entered on filing the report, it is
submitted that no appeal lies from it.   (*Code,* §§ 245, 272,
268; 7 *Abb. Pr. R.,* 1; 15 *How. Pr. R.,* 57.)

*Third.* The exception taken in each action is general.
The report in each contains several conclusions of law, at
least one of which is correct.   The exceptions are there-
fore unavailable for any purpose.   They must specify the
objectionable conclusions and the grounds of objection.
(20 *Barb. R.,* 343; 2 *Seld.,* 233; 1 *Kern.,* 416; 4 *Kern.,*
310, 435; 4 *Seld.,* 37.)

*Fourth.* No copy of the case as settled having ever been
served on the respondent's attorney until printed papers

were served on the third of March, 1849, the respondent's attorney has had no opportunity of ascertaining, and knows nothing of the correctness of the case as printed.

*Fifth.* There is no error in computation by the referee, or other error affecting the merits of the judgment.

By the court, E. DARWIN SMITH, Justice. These cases were brought before the court on a previous occasion, and the question was mooted whether they could be reviewed in their present shape, and it was considered without very careful examination that such reveiw could be had. They are now again brought on for argument, and we have been necessarily called upon in attempting to dispose of them upon their merits to reconsider that question. The actions are both suits in equity in the nature of cross actions, and both involve an accounting between the parties. They were referred to the same referee, and heard together as one cause, the referee taking the testimony offered, and applying it to the issues made by the pleadings. In one case he reports that the parties were joint tenants in the purchase of two lots of land, and that one party has advanced more than the other towards its purchase, and has stated an account between the parties, made a decree for partition, and the appointment of commissioners to make such partition. In the other suit he has stated the account, and found due to Gallup, the plaintiff's intestate in such suit, the sum of $1,250, and has made a decree accordingly. In looking into the cases with some care, we cannot see upon what principle we can review them. In the secondly entitled suit, there might be a review, as final judgment has been entered, but there are no separate findings and no available exceptions. In the first entitled action the commissioners for partition have not been appointed; partition has not been made, and final judgment could not be properly entered. Aside from this question, and so far as the examination of the cases upon the merits is concerned, neither

case is presented to us in a proper shape for review; there
is annexed to the separate report of the referee a general
exception to each and every finding of the referee upon
questions of fact, and to each and every conclusion of said
referee upon questions of law. Such an exception is not
available to raise any distinct question. It would com-
pletely nullify the rule of requiring specific exceptions, if
one so general could be allowed. It points out no errors,
and does not call the attention of the court, as the office of
an exception is, to some specific point of objection. In suits
in equity we have before held in several cases that where
accounts were taken by the referee, that exceptions to his
report must be as specific as was required under the old
chancery practice in stating an account before a master and
that the old chancery practice is still in force in respect to
all such cases. (*Ketchum* agt. *Clark*, 22 *Barb.*, 320.) In
reviewing the judgments rendered by referees, in all cases,
this court acts as an appellate court and can only review
the judgment upon a case including the findings of the
referee upon the facts, and his conclusions of law with the
exceptions thereto. (*Code*, §§ 268 *and* 272; *and see Rogers*
agt. *Beard*, 20 *How.*, 98 *and* 282.) There is an obvious dis-
tinction between cases in law and suits in equity, which
must be considered in preparing a case for a review. In
suits at law the referee should state the facts found by him
as upon a special verdict precisely as if he were executing
a reference by the court to ascertain and report the facts of
the case. To this statement of facts no exceptions are
required. The referee then adds his conclusion of law upon
such facts so found or stated, and his duty is performed.
To these conclusions of law specific exceptions must be
taken, as much so as if such decision had been made on the
trial of the cause in its progress, or in the charge of the
judge to the jury. In reviewing the judgment of the referee
upon the facts thus stated, and the conclusions thus found,
the court reviews the finping of the referee upon the *facts*

precisely as it examines the evidence on the trial before a jury, and upon the same principles, and the case should be made up in this court precisely as required by the court of appeals, and a review here can be had only upon a case thus made up. (*Rogers* agt. *Beard, supra.*) But in respect to suits in equity, while the case must be the same, and must contain the findings and exceptions, the exceptions must, so far as they relate to matters of account and detail, be specific, pointing to the particular error claimed in the account as specific, as was required to a master's report under the former practice in chancery. There is a difficulty in trying equity cases before a referee under the · Code, arising out of the intrinsic difference between legal and equitable actions. In legal actions the issues are single, and can easily be tried and disposed of by a referee as by a jury. But equitable actions are essentially different, and I think it is a mistake in the Code to require them to be tried before a referee, and before a single judge in the same way with legal actions. In actions between partners or joint tenants, as in this case, and also in actions of partition, and in various other actions where an accounting is necessary, the trial is necessarily in some degree a *double* one. First, the court or referee is to try the question of the liability of the defendant, to account and make an interlocutory decision or order, and then the account is to be subsequently taken before final judgment can be rendered. Much embarrassment in these cases would, I think, be obviated by a reference under section 270, of particular issues of fact involving the merits, instead of referring the *whole issue* to the referee. In the former case the report of the referee would have the force and effect of a special verdict, and the *court* at special term, would render the judgment and make the requisite order to carry into effect the interlocutory order or decree, based upon the finding of the referee. The difficulty in this case is that the whole issue was referred to the referee; we must, therefore, dispose of the whole issue, and ·his

decision will stand as the decision of the court.  (§ 272.) In either case no appeal lies until final judgment. (§ 348.) The appeal is from a *judgment*.  No appeal is allowed from an interlocutory decree, it being the policy of the Code to allow only one appeal upon the merits in any action. *Swarthout* agt. *Curtis*, 4 *Com.*, 416 ; *Lawrence* agt. *Farmers' Loan Co.*, 15 *How.*, 57.)  Upon the basis of the report of the referee in the case of *Lawrence* agt. *Gallup*, the court at special term can appoint commissioners to make partition, but upon the coming in of the report of the commissioners, the referee will necessarily have to make a final decree confirming the same, and dispose of the question of costs, and then final judgment can be entered up.  This must be done before there can be any appeal to this court authorizing us to review any decision of the referee.   In the suit of *Lawrence* agt. *Fowler*, therefore, there is nothing properly before us for review, and the appeal in that case should be dismissed.   In the case of *Fowler, executor, &c.* agt. *Lawrence*, final judgment having been rendered, but no proper exceptions having been taken to the decisions and findings of the referee, we could not do otherwise than affirm the judgment.

Appeal dismissed in *Lawrence* agt. *Fowler, executor*. Judgment affirmed in *Fowler, executor*, agt. *Lawrence*.