[No. 5086.]
# HENRY F. WILLIAMS v. JOHN F. CONROY.

AN APPEAL WILL NOT LIE FROM A DECREE NOT FINAL.—When, in an action in equity to settle the accounts of a trustee, the Court, in its judgment, directs the trustee to pay the trust funds into Court, and reserves the question of the distribution of the funds among the beneficiaries to be disposed of thereafter, the decree is not final, and an appeal will not lie from it.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

John C. Beideman died on the 8th day of July, 1865, leaving a will in which he nominated Samuel H. Parker his executor, and by which he directed his executor, within one year after his death, to sell all his real estate, except such portions as were specifically devised. By the will he devised to the plaintiff twenty thousand dollars and several pieces of real estate, in trust, nevertheless, for the twenty thousand dollars, and the proceeds of the land to be invested in mortgage securities for the maintenance of his niece, Katie Ketler, and his nephew, Willie Ketler, until said Willie attained his majority, at which time the proceeds remaining unexpended were to be divided between said Katie and Willie, share and share alike, and thereafter all net proceeds from the investments to be equally divided between said Katie and Willie during their natural lives; but if either

died without issue, the whole of such proceeds to go to the sur-
vivor during his or her natural life, and if either died leaving
issue, one-half the proceeds to be expended for the maintenance
and education of the issue until both said Katie and Willie
died, when the investment, proceeds, and property were to go
to their issue, or heirs at law, if they left no issue.

By the will Beideman also devised to the plaintiff twenty
thousand dollars and a large amount of property, in trust, to
invest the twenty thousand dollars in mortgage securities, and
pay the interest and proceeds of the property to Alice C. Con-
roy during her natural life, and upon her death the proceeds to
be applied to the education and maintenance of her children
until the youngest attained his majority, when the proceeds
were to be equally divided among them, and upon the death of
the children the proceeds and property to go to their issue.
There were some specific bequests. The will was probated, and
the plaintiff accepted of and entered upon the discharge of the
duties of his trust. On the 6th day of October, 1870, the
plaintiff commenced this action, asking permission to resign his
trust, and for a settlement of his accounts as trustee. Alice C.
Conroy, the sister of Biedeman, was dead, and her children and
grandchildren were defendants, along with the children of
Katie Ketler, who was also dead. One of the defendants,
John Conroy, an infant, by his guardian, filed a general answer,
and coupled with it a cross-complaint alleging the receipt of
large sums of money by the plaintiff, and charging misconduct
on his part in the management of the fund, and demanding an
account of it, and praying for a decree that it be paid over to
Joseph A. Donahoe, who had been appointed the plaintiff's suc-
cessor in the trust. The plaintiff took issue on these allega-
tions. The Court found that Williams did not keep separate
accounts of the funds of the two trusts, but deposited the trust
money in a bank in his own name, and used a portion of it in
his private business, and that he did not invest the twenty thou-
sand dollars of each trust in mortgage securities as required,
and that there was due from him, as trustee, the sum of one
hundred and ten thousand three hundred and thirty-one dollars
and twelve cents. The Court further found that, as it was im-

possible at present to separate the capital of the two trusts, or to apportion the money due by the plaintiff to each, that an order should be made directing him to pay forthwith, to the Clerk of the Court, said sum of one hundred and ten thousand three hundred and thirty-one dollars and twelve cents; and that upon such payment being made, the plaintiff should be discharged from all liability as trustee, and that the matter of distribution of said money between said trusts, and the settlement of all other controversies between said trust estates should be reserved for further consideration of the Court.

The following decree was entered:

"It is ordered, adjudged, and decreed by the Court here, that the said plaintiff, Henry F. Williams, pay forthwith, to the Clerk of this Court, the said sum of one hundred and ten thousand three hundred and thirty-one dollars and twelve cents, ($110,331 12-100) in gold coin of the United States, and that upon such payment being made, with interest on said sum from this date, at the rate of seven per cent. per annum, the said plaintiff be discharged from all further liability as such trustee.

"It is further ordered, that the matter of the distribution of said money between the two trusts created by said last will and testament, and the apportionment of the two mortgages mentioned in said findings, and also the settlement of all the other controversies between said trust estates, be reserved for the further consideration and order of the Court, and that all the proceedings herein be and they are hereby stayed for ten days."

The plaintiff appealed from the judgment and from an order denying a new trial.

*Wilson & Son*, for the Appellant, stated that it was questionable whether a final decree had been rendered, but that they had taken the appeal as matter of precaution.

*John T. Doyle*, for Respondent Conroy.

The appeal from the judgment must be dismissed, because no final judgment has been rendered.

That from the order denying a new trial is equally futile, because, though such an order is appealable, yet the motion for

a new trial below was made before the trial was concluded. Hence it was necessarily denied, and the order denying it must be affirmed. (1 Hoff. Ch. Pr. 501; 1 Barb. Ch. 330; Lube, Eq. Pl. 117; *Kane* v. *Whittick*, 8 Wend. 219; *Lawrence* v. *F. L. & T. Co.* 15 How. Pr. R. 57; *Swarthout* v. *Curtis*, 4 Conn. 415.)

*J. M. Seawell*, for the Respondents, the grandchildren of Alice Conroy.

*John T. Botts*, for the Respondents, the children of Mrs. Kidwell, and for Mary and Katie Reilley.

*W. Mathews*, for Respondent W. J. Ketler.

By the COURT:

The appeal must be dismissed. The decree from which the attempted appeal was taken was not final. By its very terms the decree reserves the distribution of the trust funds and property. There has been no final disposition of the whole merits of the cause, and it will be absolutely necessary again to bring the cause before the District Court for its final decision. (1 Barb. Ch. 330; *Lawrence* v. *F. L. & T. Co.* 15 How. Pr. 57; 4 Comst. 415.)

The appeal from the judgment is dismissed, and the order denying a new trial is affirmed. Remittitur forthwith.