[No. 8,430.   Department One.—January 27, 1885.]

## JAMES H. WHITE, Respondent, v. EDWARD CONWAY ET AL., Appellants.

Partnership—Accounting—Judgment—Statute of Limitations.—Where, in an action for an accounting and dissolution of a partnership, the judgment provides that the partnership property be sold, and the proceeds applied to the payment of an indebtedness due to one partner, and that a personal judgment for the balance, if any, be entered against certain other partners, the statute of limitations does not commence to run in favor of the latter, until such balance has been ascertained, and judgment rendered therefor.   Until that is done the judgment is not final.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

Action on a judgment.   The facts are sufficiently stated in the opinion of the court.

*E. I. Hutchinson*, for Appellants.

*Sawyer & Ball*, for Respondent.

McKee, J.—The subject-matter of the action in hand is a judgment which, it is alleged, was rendered against the defendants and docketed on the 16th of June, 1874.   The action was

brought on the 26th of May, 1879, within five years from the date of the judgment; therefore the action was not barred by the statute of limitations. But it is contended that the judgment is not a final judgment upon which an action is maintainable, but is merely an order made after the final judgment, which was given in the case; and as that was rendered more than five years before the commencement of this action, the cause of action is barred.

It appears that on the 15th of April, 1871, James H. White, respondent, brought an action against Edward Conway, Theodore Snell, O. W. Easton, and forty and more defendants, for the dissolution of a partnership then existing under the firm name of E. Conway & Co., an accounting between the partners, sale of the partnership property, payment of the amount which might be found due to the plaintiff upon such accounting, and for general relief. After the taking of an account by a referee, to whom the action was referred for that purpose, the court, upon the report of the referee, on the 13th of November, 1873, found there was due and owing to the plaintiff $12,486.45, for which, after decreeing a dissolution of the partnership, judgment was entered, with costs, in favor of the plaintiff and against E. Conway & Co., and the partnership assets were ordered to be sold, and the proceeds of sale applied as follows:

" That one-half of the proceeds of said sale be paid to said plaintiff, and the parties claiming shares in the firm of E. Conway & Co. by assignment from plaintiff, and said O. W. Easton, in proportion to interests which they respectively hold in said one-half.

" That out of the remaining one-half there be paid to said plaintiff, White, the sum of ($12,486.45) twelve thousand four hundred and eighty-six 45-100 dollars in United States gold coin, the amount above found to be due him; and in case there should not be sufficient arising from said sale to pay said amount to said White, that then and in that case said White have judgment against Edward Conway and Theodore Snell for such deficiency, for which execution may issue."

Under that judgment the partnership assets were sold; the proceeds of sales amounted to $1,800, and upon being applied according to the provisions of the judgment, there was found

to remain of said judgment a balance of $12,493.17, for which the court, on the 16th of June, 1874, upon motion of the plaintiff's attorney and without notice to the defendants, rendered judgment as follows:

" It is ordered, adjudged and decreed that the said balance of $12,493.17 gold coin, of said judgment, is a personal judgment against said defendants, Edward Conway and Theodore Snell, to be collected from their joint property, if any joint property can be found; and if there cannot be found any joint property, then from the separate property of either the said Edward Conway or Theodore Snell, in gold coin; and the clerk of this court is hereby authorized and directed to docket a personal judgment against said defendants, Edward Conway and Theodore Snell, for said balance of said original judgment of $12,493.17 gold coin, and to issue an execution or executions therefor against their joint property; and in case no joint property of said parties can be found, then against the separate property of either of them, with interest at seven per cent. per annum."

Upon this last judgment the action is founded.

This being the case, the question arises, which of these judgments is the final judgment?

In *Clark* v. *Dunnam*, 46 Cal. 208, it was held that a judgment dissolving a partnership, ascertaining the sum of money due by the copartners to the plaintiff, and ordering a sale of all the partnership property and effects, out of the proceeds of which the court directed, among other things, payment of the amount due to the plaintiff, and distribution of any surplus among the copartners in the manner fixed by the decree, was a final judgment. " It," says the court, " ascertained and adjudged * * * the whole matter in litigation. Nothing thereafter remained to be done, except to execute the decree by a sale of the property, and a distribution of the proceeds in the manner fixed by the decree itself. This was a mere ministerial duty, and nothing was left for the court to do except to see that the decree was properly executed." But such a decree is only final, if all the consequential directions depending upon the result of the referee's report are contained in the decree, so that no further decree of the court will be necessary, upon the confirmation of the report, to give the parties the entire and full

benefit of the previous decision of the court. (*Beebe* v. *Russell*, 19 How., U. S. 285; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Clark* v. *Brooks*, 2 Abb. 405.)

By the first decree in the case, the court adjudged that the plaintiff was entitled to relief, for the money found to be due him by E. Conway & Co. against the partnership property, and also against two of the copartners. One of the objects of the reference was, therefore, to ascertain how far the proceeds of sales of the partnership property would go towards satisfaction of the plaintiff's demand, in order that a personal judgment might be entered in his favor against the two copartners for the balance. This could only be done upon the report of the sales of the partnership property; and, upon the confirmation of the report, the final judgment, necessary to give the plaintiff the full benefit of the previous decree, was, according to the provisions of the decree itself, to be entered. The judgment thus provided for by the decree, and which was afterwards entered, cannot be regarded as a mere order to carry the former decree into effect, for the former decree did not fix the extent of the liability of the copartners against whom it was to be rendered; that could not be done until the deficiency from the sale of the partnership property was ascertained and determined; it was, therefore, reserved by the court until the coming in of the report of sales, which was to serve as the basis upon which the court would proceed to render judgment. (*Ryan* v. *McLeod*, 9 Rep. 493.) That judgment, when rendered, finally disposed of the whole merits of the cause, according to the former decision of the court. It was the only personal judgment entered against the defendants therein named; and the only judgment in the case against them enforceable by execution or action. (*Seligman* v. *Kalkman*, 17 Cal. 152.) As such, it was the final judgment in the cause, and until it was rendered no cause of action accrued in favor of the plaintiff. The statute of limitations commenced to run upon it and not upon the former decree, which, in its relation to the judgment in suit, was merely interlocutory.

Judgment and order affirmed.

McKINSTRY, J., and ROSS, J., concurred.