[No. 13102.    Department Two. — June 22, 1891.]

PETER ETCHEBARNE ET AL., APPELLANTS, *v.* FREDERICK ROEDING ET AL., RESPONDENTS.

APPEAL — NON-APPEALABLE ORDER — ORDER SETTING ASIDE ORDER SET-
TLING ACCOUNT REPORTED BY REFEREE — ACTION TO SET ASIDE
FRAUDULENT ASSIGNMENT. — An order setting aside an order settling an
account of the assignee of an insolvent debtor, reported by a referee
appointed in an action by creditors to set aside and vacate a fraudulent
assignment of the insolvent, is not a "final judgment" nor a "special
order made after final judgment," within the meaning of section 939 of
the Code of Civil Procedure, and is not appealable.

APPEAL from an order of the Superior Court of the city and county of San Francisco setting aside an order settling the account of a referee.

The facts are stated in the opinion of the court.

*William Matthews,* for Appellants.

*Rosenbaum & Scheeline, Jarboe & Harrison, Neuman & Eickhoff,* and *Edward R. Taylor,* for Respondents.

McFARLAND, J. — On February 3, 1877, one Estanislao Hernandez, a defendant herein, being insolvent, made an assignment of his property — consisting of several tracts of land, and a large amount of live-stock and other personal property — to Frederick Roeding, also a defendant, in trust, for the payment of his debts and the benefit of his creditors. At the time of the assignment, Hernandez made an inventory and statement which purported to set forth his property, his debts, and his creditors.

The present action was brought by a large number of creditors of said Hernandez. It is averred in the complaint, " that the assignment was fraudulent; that by collusion between said Hernandez and said Roeding, property of the former of great value was fraudulently omitted from said inventory, and pretended, but not real, debts were set forth in said statement as owing to certain persons, who are also made parties defendant; that after the assignment, Roeding allowed Hernandez to remain in possession and receive the profits of a large part of the property; that Roeding for a long time failed to render any account as assignee, and when pressed to do so by plaintiffs, rendered a simulated and fraudulent account; and that Roeding has no knowledge of agricultural pursuits, is incompetent to manage the trust estate, and has greatly wasted it. There are other averments, not necessary to be mentioned. The prayer is,

that the assignment be declared void as to all property remaining in the hands of the assignee; that he render a full account to plaintiffs of all his transactions as assignee; that he be removed from his office as assignee; that a receiver be appointed to take possession of all the property; that the property be sold and the proceeds of the sale be paid to plaintiffs ' according to their respective rights '; that the assignee be restrained from doing any further acts in the premises; that said pretended debts be declared fraudulent; and that plaintiff have such other relief as the court may deem just." The answer of defendants denies nearly all the material averments of the complaint, except the assignment itself.

It appears from a number of papers printed in the transcript, and not objected to by respondents, and from a short bill of exceptions duly authenticated, that on June 22, 1886, the court made a large number of " findings." In these, most of the issues of fraud were determined in favor of defendants; it is declared that Roeding should not be removed from his office; and it is found that a preliminary order restraining him from controlling the property or selling it should be set aside. Certain other issues are disposed of in these findings. It is ordered that an account be taken; and further, that "inasmuch as it is impossible to examine said account in open court, a reference will be ordered and a referee appointed on application and notice to take and report such account to the court." It is also further ordered that, "upon the rendition of such account, such order will be made by this court as to the disposition of the moneys in his hands as shall best serve to protect the rights of all parties interested in said fund." Afterwards, on August 9, 1886, a document was signed by the judge of the court, and filed, which is called a "decision," but which appears to be an interlocutory decree, and intended to carry out the mandates of the findings. It also appears from other straggling papers printed in the

transcript that certain sales of property were made by said assignee on the order of the court, and that the sales were approved. There is also printed in the transcript what purports to be a report of a referee, which sets forth four schedules, or balance-sheets, so that the court might adopt either one of the four as a statement of the account of the assignee; and the bill of exceptions states that a referee was appointed in accordance with the directions of the said "findings."

The full order of reference does not appear; but the scope of it certainly was, not to try the issues of the action and report a judgment, but to ascertain some fact or facts necessary to enable the court to determine the action, as provided in the second subdivision of section 638 of the Code of Civil Procedure. The bill further shows that the report of the referee was set for hearing for a certain day, and was argued and submitted to the court for decision; that on May 23, 1888, the judge rendered an "opinion" (which is given in full), and in accordance with said opinion caused a minute-order to be made as follows: "In this cause the motion to settle the account of *receiver and referee* herein having been heretofore duly submitted to the court for consideration and decision, and the court now being fully advised, it is ordered that balance-sheet No. 1, as submitted by the referee, be adopted and settled as account of *referee.*" (This order, read literally, means nothing, as it was the account of the *assignee,* and not of the "referee," that was under consideration; but as counsel make no objection, we will assume that "assignee" was meant where "receiver and referee" and "referee" were written in the first and last parts of the order.) It further appears from the bill of exceptions that a few days afterwards, on May 31, 1888, the court, without notice to plaintiffs, made the following order: "In this cause, on motion of Messrs. Harrison and Rosenbaum, *ex parte,* and it appearing to the satisfaction of the court that the order

made and entered in this cause on the twenty-third day of May, 1888, settling the account of the *referee* appointed herein, be and the same is hereby vacated and set aside, on the ground that said order was prematurely made; further ordered that order to settle account of *referee* be placed on calendar for further argument." From this last order of May 31st, setting aside said order of May 23d, — and from said order alone, — the plaintiffs in the case at bar appeal. (It may be remarked that the words " account of referee appointed herein," as used in the last order, are quite confusing; for if " assignee " was meant, there was no assignee " appointed herein.") We have given the history of the case at some length, so that its character, and the exact situation at the time of the last two orders, can be readily understood.

The said order of May 31st was clearly not appealable. It was not one of the orders mentioned in section 939 of the Code of Civil Procedure, other than an order after final judgment; and it was not a " special order made after final judgment." This negative is specially emphasized by the provision of said section that there may be an appeal from an order affecting the report of referees " in actions for partition of real property." The order set aside was not in any sense a " final judgment" within the meaning of section 939. It does not purport to be a final judgment, and was not such in legal effect. No execution or other writ could have been issued upon it by which either of the parties could have enforced a right against another. It was merely one of the various steps taken by the court at various times in its approach to a final judgment and decree which would settle the rights of all the parties, dispose of all the property, and wind up the administration of the trust. The authorities cited by appellants do not support their contention. The cases referred to by counsel which are nearest in point are *Williams* v. *Conroy*, 52 Cal. 414 (cited by respondents), and *Harris* v. *S. F. S. R. Co.*, 41 Cal. 393 (cited by ap-

pellants); and they both favor the view above expressed. Whether or not the order appealed from was properly made, or whether there should have been a motion for a new trial, need not be here discussed. That question could be raised only upon an appeal from the final judgment, or perhaps upon *certiorari* to test the jurisdiction.

The appeal is dismissed.

SHARPSTEIN, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.