ARNOLD, RESPONDENT, *v.* SINCLAIR, APPELLANT.

[Submitted December 30, 1891.     Decided February 23, 1892.]

JUDGMENTS — *Finality* — *Reference after judgment.* — A decree rendered in an action brought to obtain a settlement of copartnership affairs and an accounting, in substance adjudged the partnership to have been dissolved; that the defendant account to the plaintiff; that a receiver be appointed to take possession of the partnership effects; that the business be wound up and concluded; that a referee be appointed to state an account between plaintiff and defendant; that after payment of the partnership liabilities the residue of the property or its value be divided between the parties; that upon the statement of such account judgment be entered in favor of the party entitled thereto for such sum as may be found due him, and that plaintiff recover costs. *Held,* that the matters enumer-

ated in the decree which remained to be ascertained were not preparatory to, but in execution thereof, and therefore the decree was not an interlocutory order but a final judgment, and, as such, appealable under sections 421 and 444 of the Code of Civil Procedure.

SAME — *Same — Same.* — The fact of a reference being had after judgment does not in itself determine that the judgment is not final. It may be final or it may be an interlocutory order, depending upon the facts. If the reference be only for the purpose of executing the judgment after all the rights of the parties have been determined, then the judgment is final.

EQUITY ACTION — *Prayer not conclusive.* — A prayer in an equity action which seeks relief inconsistent with the theory of the complaint will be disregarded as immaterial matter. (*Davis* v. *Davis*, 9 Mont, 275, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

Action for dissolution of a copartnership and an accounting. The cause was tried before BENTON, J. Plaintiff had judgment below. On motion of the respondent to dismiss the appeal.

Statement of the case by the judge delivering the opinion.

This is an action to declare a copartnership dissolved, and for an accounting. The complaint alleges that in August, 1887, plaintiff and defendant, at Port Arthur, Canada, entered into a copartnership for the business of dealing in wines, liquors, and cigars at the city of Great Falls, Montana. That under said copartnership, the name of which was "John Sinclair," the parties engaged in said business until February 6, 1891. On that day the partnership was dissolved by the withdrawal of the plaintiff. That defendant paid into said copartnership as capital $1,497.30. Prior to February 6, 1891, defendant had withdrawn the same from the business. The profits of the copartnership to February 1, 1891, were $16,790.96. Plaintiff has drawn out $2,785.85. Upon an accounting there would be due plaintiff from defendant $4,518.35, or more. The profits consist of said sums so withdrawn by the partners, and notes, bills, accounts, goods, wares and merchandise, furniture, fixtures, rebates, etc. The aggregate value of the effects of the copartnership is $21,111.11, or more, less liabilities of some $4,320.15, leaving net profits of $16,098.73; and upon an accounting there would be due plaintiff $4,518.35, or more. That on February 6, 1891, plaintiff demanded of defendant a settlement and accounting, which defendant refused. That the defendant is in possession of the assets and property of the firm. The prayer is as follows: —

"1. That the court declare said copartnership to have been dissolved on or about February 1, 1891.

"2. That the defendant be compelled to account with plaintiff touching the premises and said copartnership.

"3. That a receiver be appointed to take possession of all the copartnership property and effects, according to the practice of the court and the statute in that behalf enacted.

"4. That the property of said firm be sold, the debts due it be collected, and its business wound up.

"5. That the court make, render, and enter its judgment against defendant for such sum as may be found due plaintiff from defendant upon the settlement of said copartnership affairs.

"6. That the surplus, after all debts are paid, be divided between plaintiff and defendant, according to their several interests.

"7. And for such other and different, or other and further relief as may unto equity and good conscience seem meet and proper, together with costs of suit."

The answer specifically denies the partnership, and all the facts, as plaintiff alleges them, flowing from the existence of that relation. The answer sets up as the fact that the only agreement that defendant had with plaintiff was that he engaged him as a clerk and bar-keeper at a salary of $100 a month; and that on February 6, 1891, he paid plaintiff all that was due him under such hiring. The denials of the answer are made with reference to the complaint's allegation and the answer's denial of the main question of partnership. For instance, the answer denies that the defendant paid as capital stock to the said business of any such copartnership $1,497.30, or any other sum. The denial is in respect to paying money into the alleged copartnership. This is not a denial that said sum was paid into the business; a business, as defendant claims, which was not a copartnership as plaintiff alleges. So with a long list of denials of items alleged by plaintiff. They are all denials flowing from the denial of the partnership relation. In fact, the whole answer is a detailed denial of the partnership, and all facts alleged to be connected therewith; and is a setting forth of a different relation, that is, one of hiring of plaintiff by defendant.

The case was tried to a jury.   The parties made a stipulation of record that the only issue tried to the jury is whether the partnership, as alleged, existed, and that, if such partnership be established, the accounting is to be made before a referee, which stipulation was approved by the court.   On this issue the jury found that there was such partnership.   The court adopted the finding of the jury on the issue of partnership *vel non.*   The court then in the decree found further that the issues are with the plaintiff, and that all of the material allegations of the complaint are true, to wit: (Then the findings of fact are set forth in the decree, which are briefly as follows:)   The agreement for the partnership is found as alleged.   The profits and losses were to be shared equally by the parties.   Said partnership existed from August 20, 1887, to February 1, 1891, under the firm name of "John Sinclair."   That heretofore, to wit, on the first day of February, 1891, plaintiff withdrew from said firm and copartnership, and thereof gave defendant notice; and that there were then, and now are, assets and effects, money, property, and choses in action, of and belonging to said copartnership, all thereof being in the actual possession of said Sinclair, defendant.   No accounting or settlement has been made, although demanded by plaintiff on February 1, 1891.   Defendant is in possession of all the property of the partnership, and refuses plaintiff any possession.

The court makes a conclusion of law that the plaintiff is entitled to a settlement and accounting of the copartnership business and affairs, and that he is entitled to the relief demanded in the complaint.   The relief demanded is described above.

The decree then proceeds: "Wherefore, the premises considered, the court doth order, adjudge, and decree that the partnership existing between plaintiff and defendant was dissolved on the first day of February, 1891, and that the defendant account to and with the plaintiff touching the aforesaid affairs and business of said copartnership conducted and carried on under the firm name of 'John Sinclair'; that a receiver be appointed by the court to take possession of all the said partnership property and effects, and that he do such acts respecting the property as the court may authorize, with such power and authority as in

equity and according to the practice of the court receivers have and enjoy; that such receiver bring and defend actions in his own name as receiver; that he take and keep possession of said property and effects, and sell, convey, transfer, and otherwise dispose of the same, or any portion thereof, when authorized so to do by the court; that he receive rents, collect debts and claims due or belonging to said copartnership, and compound and compromise the same when ordered or directed so to do by the court; and that he do generally such acts respecting the property as the court may authorize; that the business of said copartnership be wound up and concluded; that a referee be appointed to state the account between plaintiff and defendant touching said copartnership, and report the same to the court, and with such power and authority as the law and the court may confer in the premises; that, after all the debts and liabilities of said partnership be paid and discharged, the residue of the said property, or its value, be divided between the parties hereto, according to their respective rights therein; that upon the statement of said account between the parties the court enter judgment in favor of the party entitled thereto for such sum as may be found to be due him. It is considered by the court that the plaintiff have judgment, and the same is hereby entered for the sum of $22.80, his costs in this action expended."

The defendant moved for a new trial, which motion was denied. The defendant appeals to this court from the judgment and from the order denying the motion for a new trial.

Before the appeal was brought on to be heard in this court, the respondent first moved to dismiss the appeal, and in his motion set forth the following grounds: —

1. There appears no final judgment in said cause.

2. The court below did not make or enter a final judgment in said action.

3. No trial was had within the meaning of the statute providing for appeals.

4. The order of the court below denying the motion for a new trial was and remains a nullity, and was made prior to the complete determination of the issues of fact in the cause.

This motion to dismiss is the only matter now for consideration.

*Cooper & Pigott,* for the motion.

It is provided by section 421 of the Code of Civil Procedure, that an appeal may be taken from a final judgment, and from an order refusing a new trial. There is no final judgment in this action, for the reason that it fails to determine all the issues involved in the cause. There were several issues of fact in the controversy, and a portion of them only were determined. The decree settled the rights of the parties, but did not find the amount to be paid nor the sum for which a judgment ought to be entered. The equities were found by the court to be in the plaintiff, and it sent the case to a referee to ascertain and report the sum due to either party. The report must be approved by the court and confirmed before there will be a judgment for the sum found by the referee. Judicial action by the court must be exercised before the amount of the judgment can be determined, and this necessity prevents the decree from being final. (*Hunter* v. *Hunter,* 100 Ill. 519; *Low* v. *Crown Point Min. Co.* 2 Nev. 75; *Belmont* v. *Ponvert,* 3 Rob. (N. Y.) 693; *Price* v. *Nesbit,* 1 Hill Ch. 445; *Tuggle* v. *Gilbert,* 1 Duval, 340; *Deickhart* v. *Rutgers,* 45 Mo. 132.) The trial of this case is not complete, and will not be complete until the final report of the referee shall have been filed and confirmed. (*Crowther* v. *Rowlandson,* 27 Cal. 377; *Harris* v. *San Francisco Sugar Refining Co.* 41 Cal. 393; *Hinds* v. *Gage,* 56 Cal. 486; *Williams* v. *Conroy,* 52 Cal. 414.)

The decree disposed of the general equities of the case; but the decree ordered a reference to ascertain certain facts which were and are necessary to be found before a final adjustment of the rights of the parties can be had. The functions of the referee in this case are judicial and not ministerial, because he is to take an account upon evidence, is to examine the parties and witnesses, to make or refuse allowances affecting the rights of the parties, to determine the competency of and the weight to be given to testimony, and to exercise his discretion in the same manner and to the same extent as the court would exercise its discretion. His report is subject to exceptions from either side, and these must be brought to the attention of the court before they can be available. The final judgment is made when the

report is confirmed, or when the court sets aside the report and determines the matter itself. (1 Black on Judgments, §§ 42–44, and authorities therein cited.) The judgment is not final merely for the reason that it awards costs to the plaintiff. (*Scott* v. *Burton*, 6 Tex. 322; 55 Am. Dec. 782.) The making of the interlocutory decree was proper, and in accord with universal practice. (*Harris* v. *San Francisco Sugar Refining Co. supra; Hinds* v. *Gage, supra; Williams* v. *Conroy, supra; McCosker* v. *Brady*, 1 Barb. Ch. 330.)

' *Thomas E. Brady*, and *McConnell, Clayberg & Gunn, contra.*

Under our practice references are for two purposes, to wit: *First*, to enable the court to render judgment; and *second*, to carry the judgment already rendered into effect. (§ 283, Code Civ. Proc. Mont.) In the one case, the judgment is necessarily interlocutory, while in the other it is necessarily final. If the court in this case had merely found that a copartnership existed, and had ordered a reference for the purpose of ascertaining the terms of the copartnership, or had reserved its judgment fixing the terms of the copartnership until after the coming in of the referee's report, the decree would have been interlocutory. But the court did not do this. In the language of counsel for respondent in their brief, "the decree settled the rights of the parties," and ordered a referee to be appointed to perform the ministerial duty of stating an account. The only thing remaining for the court to do upon the coming in of the referee's report was to act ministerially in entering judgment in accordance with the final decree already rendered. We ask attention to the language of the court wherein the decree directs that upon the statement of said account between the parties the court *enter* judgment in favor of the party entitled thereto for such sum as may be found to be due him. The language is not *render* but *enter*. From this it appears that the judgment had already been rendered, and that judgment is to be *entered* in accordance with the judgment already *rendered*. The rendition of a judgment is a judicial act, but the entry of the judgment is a ministerial duty. (1 Black on Judgments, 106–110.)

The distinction which exists, and which we have endeavored

to draw between an interlocutory decree where a reference is ordered and a final decree where a reference is ordered, is clearly stated in 1 Black on Judgments, page 44. That the decree in this case is final, see the following authorities: *Forgay* v. *Conrad,* 6 How. 201; *Thomson* v. *Dean,* 7 Wall. 342; *Mills* v. *Hoag,* 7 Paige, 18; 31 Am. Dec. 271; *Taylor* v. *Read,* 4 Paige, 561; *Damouth* v. *Klock,* 28 Mich. 163; *Neall* v. *Hill,* 16 Cal. 145; *Clark* v. *Dunnam,* 46 Cal. 205; *Quackenbush* v. *Leonard,* 10 Paige, 128; Freeman on Judgments, 24; *McCosker* v. *Brady,* 1 Barb. Ch. 330. Where the decree "decides the rights of the parties on the merits, although it makes a reference to ascertain the amount due from one party to the other on the basis of the adjudication, reserving nothing except to determine that the report is strictly in conformity with the decree," it is final. (2 Daniell's Chancery Practice, 994 n. See, also, 1 Black on Judgments, § 44.) The reference in this case was not for the purpose of determining any issue involved, and the duty of the referee was ministerial. "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by the jury, court, or referee." (Code Civ. Proc. Mont. § 295.) Every issue in the case was tried before the reference was ordered. The trial was concluded by the filing of the findings of the court. No issue raised by the pleadings was submitted to the referee, and consequently the stating of the account was not a trial within the contemplation of the Practice Act of this State. (*Harris* v. *San Francisco S. R. Co.* 41 Cal. 393.)

De Witt, J. — There is an appeal from the judgment and an appeal from the order denying the motion for a new trial. Respondent contends that the judgment is not a final one, hence that appeal must be dismissed; and again, that if the judgment is not final, the motion for a new trial was premature, and hence that appeal must be dismissed.

We will inquire as to the first proposition. Was the judgment final, and so appealable; or was it an interlocutory order, and not appealable? Under the statute, an appeal can be taken only from a final judgment, and from certain defined orders. (§§ 421, 444, Code Civ. Proc.) Whether a judgment is final or

not is sometimes a matter difficult of determination. Mr. Black, in his work on Judgments (§ 41), introduces his discussion of this subject with these words: "In drawing the distinction between final and interlocutory adjudications, the greatest difficulty has been experienced in the case of decrees in equity; the confusion arising principally from the peculiar nature of the decisions, and the wide range of means which chancery possesses both for informing the mind of the judge and for acting upon the parties concerned. Many tests of finality have been proposed," etc. The author cites from *Kelley* v. *Stanbery,* 13 Ohio, 408, commending the rule as laid down in that case as follows: "The confusion has sprung up from failing to observe the distinction between facts and things to be ascertained *preparatory* to final decree, and facts and things to be ascertained *in execution* of final decree. Because a final decree might direct that certain facts should be ascertained in execution of such decree, it will not make it interlocutory; nor, on the other hand, because the decree finds the general equities of the cause, and reference is had to a master to ascertain facts preparatory to final disposition, will it be regarded as final."

In all the many cases that we have examined we find the general tendency to be as laid down in the Ohio case — that if the matters and things to be ascertained after the entry of the judgment are for the purpose of carrying that judgment into execution, then such judgment is final. As is said in Freeman on Judgments (§ 36): "If, after a decree has been entered, no further questions can come before the court except such as are necessary to be determined in carrying the decree into effect, the decree is final; otherwise it is interlocutory."

We have very carefully examined the cases cited by respondent in his brief on the motion. We have also examined the following cases in New York: *Swarthout* v. *Curtis,* 4 N. Y. 415; *Griffin* v. *Cranston,* 5 Bosw. 658; *Lawrence* v. *Farmers' L. & T. Co.* 6 Duer, 689; *Prentiss* v. *Machado,* 2 Rob. (N. Y.) 660; *Ives* v. *Miller,* 19 Barb. 196; *Lawrence* v. *Fowler,* 20 How. Pr. 407; *Chittenden* v. *Missionary Society,* 8 How. Pr. 327; *Clark* v. *Brooks,* 2 Abb. Pr. N. S. 385; *Tompkins* v. *Hyatt,* 19 N. Y. 534.

We are fully aware of the modern tendency to allow but one

appeal in a case; that is, that a case shall come up altogether, and not by piecemeal. This, of course, is outside of the consideration of the particular orders made independently appealable; such as an order denying a motion for a new trial, etc. (§§ 421, 444, Code Civ. Proc.) But the statute of this State recognizes that something may occur even after a final judgment whereby a party may be so aggrieved that he should have an appeal; and the section last above cited provides for an appeal from a special order made after final judgment.

The case at bar is an action of an equitable nature. Are all the equities of the parties determined, and nothing left to be done but to carry the judgment into execution? We find it remarked in several New York cases that, although further proceedings before the master are necessary to carry the decree into effect, yet, if all the consequential directions depending upon the result of the proceedings are given in the decree, it is final. Some future orders of the court may be necessary to carry it into effect. So some future order of the court might be necessary to carry into effect a plain money judgment in an action at law.

It seems, from an examination of the decisions of the courts wherein a Code practice prevails, that the doctrine of allowing but one appeal is more strictly enforced; and that the judgment, to be appealable, must finally determine the rights of the parties. But this tendency of legislation and decision thereupon is not in conflict with the view that, even if a judgment does finally determine the rights of the parties, there may be still left to the court the office of putting the party into possession of his rights so determined, and the carrying into execution of such judgment. We entertain no doubt as to the correctness of these principles. Their application to particular facts of a case is sometimes difficult. The case at bar must be determined upon its own facts.

The case was tried partly by a jury and partly by the court. The jury found one issue — the existence of the partnership. This the court adopted, and found other facts, and added its conclusions of law. It is to be observed at this point that the decree recites that "this cause came on to be heard and determined," and, further, "that the only issue now being tried to

said jury is whether or not a copartnership existed," etc. So but one issue was being tried by the jury, and the other issues by the court. This appears by the stipulation of the parties, approved by the court, and by the decree itself, which determines, as observed, many issues other than that found by the jury.

On the motion to dismiss the appeal the findings and conclusions are not attacked, and so we may take them as correct.

The issue in this case was this: The plaintiff, on his side, contended that a partnership had existed; that it had been dissolved by plaintiff's withdrawal; that the partnership property and assets were in the possession of defendant; that plaintiff was entitled to an accounting; that he was entitled to have a receiver appointed, and the property of the firm sold, the debts of the firm paid, and the surplus divided between plaintiff and defendant, according to their several interests, which interests, the complaint alleged, were equal. The defense was a denial of the existence of the partnership, and all the facts auxiliary thereto pleaded by plaintiff, and the setting up that the relations of defendent and plaintiff were that of employer and servant. The judgment of the court, after adopting the finding of the jury, determined every issue above recited in favor of plaintiff, and furthermore found that the shares of the partners were equal.

It is true that the prayer of the complaint, in section 5, asks for judgment against defendant for such sum as may be found due from defendant to plaintiff. This portion of the prayer is wholly out of place in the pleading, for the whole theory of the complaint is that plaintiff wants the partnership affairs wound up and settled, and that out of the net assets of the concern plaintiff receive his share, and defendant as well receive his. The action is not on a money demand by plaintiff against defendant, as section 5 of the prayer would indicate. The complaint is wholly inconsistent with the idea that there is any indebtedness from defendant to plaintiff, for the reason that it alleges that plaintiff has drawn more money from the alleged partnership than has the defendant. The complaint, read as a whole, makes this clear, and thus section 5 is immaterial matter. (*Davis* v. *Davis,* 9 Mont. 275.)

The complaint does not ask judgment for any amount of money. It was not the nature of the action for the complaint to so pray. The complaint prayed for the determination of certain matters. Those matters were all determined by the judgment. The complaint prayed for certain relief. Every item of such relief was granted. Every right alleged, every relief prayed, by plaintiff, was determined in his favor.

Now what remains? Simply to put plaintiff in possession of that which the court has determined that he is entitled to; simply to execute the judgment, which has settled the rights of the parties; simply to carry out relief granted. The court takes possession of the property by its receiver. The referee, as an accountant, states the account. The court parcels to this one his half, and to that one his half, and so executes the judgment.          •

We are of opinion that the facts of this case fall within the rule above pointed out, and that the matters remaining to be ascertained are for the purpose of carrying out the judgment; not for the purpose of framing the judgment. The judgment is that each party is entitled to one half of the assets of the partnership, after the debts are paid. That is the determination of their rights. That is the judgment. The execution of this judgment is all that remains.

We are aware of the condition of the California decisions in this matter. *Crowther* v. *Rowlandson,* 27 Cal. 376, was an action to declare certain instruments void. Findings were made, and the case was referred to a master to state an account. In the opinion appears a *dictum* to the effect that the trial was not complete until the report of the referee was filed. This *dictum* is quoted and treated as a decision in *Hinds* v. *Gage,* 56 Cal. 486, and *Duff* v. *Duff,* 71 Cal. 513. The question is also touched upon in *Harris* v. *San Francisco Sugar Refining Co.* 41 Cal. 393; *Jones* v. *Clark,* 42 Cal. 180; *Clark* v. *Dunnam,* 46 Cal. 205; *Bates* v. *Gage,* 49 Cal. 126; *Williams* v. *Conroy,* 52 Cal. 414; *White* v. *Conway,* 66 Cal. 383; *Dominguez* v. *Mascotti,* 74 Cal. 269; *San Diego etc. Co.* v. *Neale,* 78 Cal. 63; *Sharon* v. *Sharon,* 79 Cal. 701.

We do not understand that it can be laid down as a general principle that a trial is incomplete, and hence a judgment is not

final, *simply because* a reference is had for some purpose; that is to say, the fact of a reference being had after judgment, does not in itself determine that the judgment is not final. Nor do we think that the California cases intend to so hold, although in some of the cases from that court the principle is announced so generally and without qualification that the reader may be led to conclude that the court intended to announce that the fact of a reference after judgment in itself determined the non-final character of the judgment. But the case of *Clark* v. *Dunnam*, following *Jones* v. *Clark*, and the later cases, especially *Sharon* v. *Sharon*, bring the principle nearer to what we believe is the correct rule, as we have indicated above. A reference after judgment does not, *per se*, determine the character of the judgment as to its finality. It may be final, or it may be an interlocutory order, depending upon its facts. If the reference be for the purpose of executing the judgment only, after the judgment has finally determined all the rights of the parties, then the judgment is final.

We observe, from the study of the adjudicated cases, that great difficulty arises in applying the rule; but we are of opinion that in this particular case the facts warrant us in concluding that the judgment was final. The appeal therefore lies. The motion for a new trial was not premature, and the motion to dismiss the appeal must be denied, which is accordingly done.

*Motion denied.*

BLAKE, C. J., and HARWOOD, J., concur.