WEST INDIA OIL Co. (P. R.), INC., Petitioner and Appellee, *v.* DR. CARLOS M. DE CASTRO, CITY MANAGER, ETC., ET AL., Defendants and Appellants.

No. 7631. Argued November 22, 1937.—Decided January 20, 1938.

*J. Valldejuli* for appellants. *James R. Beverley, R. Castro Fernández* and *José López Baralt* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The first ground of appellee's motion to dismiss is that the notice of appeal was not filed within ten days from the filing of a notice of a decree of permanent injunction. In *Mattei* v. *Badillo,* 20 P.R.R. 231, this Court held that:

"A decision disposing of injunction proceedings to recover the possession of real property, as provided for by Act No. 43 of March 13, 1913, partakes of the character of a judgment and the period for appealing therefrom is thirty days, the period of ten days allowed by Section 295 of the Code of Civil Procedure, subdivision 3, not being applicable.

See also *Lebrón* v. *Montalvo,* 43 P.R.R. 341; *Richmond* v. *Atwood,* 17 L.R.A. 615; *Donaldson's Heirs* v. *City of New Orleans* (La.), 118 So. 134; *Caldwell* v. *Traub,* 43 P. (2nd) 1047; *Miller & Co.* v. *Gibbs,* 132 S. E. 626; *Hamner* v. *Garrett,* 132 S. W. 951; *Arnold* v. *Sinclair,* 29 Pac. 340.

The ratio decidendi of *Mattei* v. *Badillo, supra,* whereby a question of practice and statutory construction was settled

in this jurisdiction more than twenty years ago was apparently sound, but even if open to criticism, the result should not now be disturbed.

██ Another ground is that an order extending the time within which to file a transcript of the evidence in the district court was a nullity and that no transcript of the record was filed in this Court within 30 days from the date on which the notice of appeal was filed in the district court. Within this 30 days, however, appellant moved in this Court for an extension of 15 days within which to file a transcript of the record, and within the 15 days so requested this transcript was filed. This motion for an extension of time has not yet been decided nor submitted. It is conceivable that some question might arise on the face of the judgment or of the pleadings which could not be affected in any way by the evidence, in which event, the failure to bring up a statement of the case or a transcript of the evidence would be no obstacle to a consideration and disposition of the appeal on its merits. If appellants' motion should be granted, neither an authorized delay in the filing of the transcript of the record nor the failure to bring up a transcript of the evidence, would justify a dismissal.

The motion to dismiss must be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.