## BURTON *v.* LIES *et al.*

THE presumption attending the acquisition of property, during marriage, by either husband or wife is that the property belongs to the community.

In an action to foreclose a mortgage all persons beneficially interested in the mortgaged property at the time of the commencement of the action must be made parties.

Where the mortgagor of real property sells and conveys his estate to a married man, and after the death of the grantee (his wife surviving) the mortgagee seeks to foreclose, the widow is a necessary party to the action.

The action for the foreclosure of a mortgage upon real property is not brought for the possession merely of the property, except as such possession may follow the Sheriff's or master's deed, but to subject to sale the title which the mort-

gagor had at the time of executing the mortgage, and to cut off the rights of parties subsequently becoming interested in the premises; and executors and administrators do not possess the title, but only a temporary right to the possession.

A writ of assistance can only issue against the defendants in the suit, and parties holding under them who are bound by the decree.

L., a married man, purchased certain real estate, subject to a mortgage thereon, which had been previously executed by his grantor, and soon afterwards died. The mortgagee commenced an action to foreclose the mortgage, making the executors of L., but not the widow, a party, and after a decree of foreclosure and sale and expiration of the time of redemption, received the Sheriff's deed, (himself being the purchaser) and thereupon applied to the Court for a writ of assistance against the widow, who retained possession of a portion of the premises, which on demand she refused to surrender: *Held*, on appeal from an order denying the writ, that the denial was proper; that the estate conveyed to L. became thereby the common property of himself and wife; that upon his death the title to one-half of this property vested in her, subject only to the mortgage and the lien for the payment of debts; that this title was not affected by the proceedings in the foreclosure suit to which she was not a party; and that not being bound by the decree, a writ of assistance could not be issued against her.

When the title of a purchaser at a sale in a foreclosure suit fails on account of a defect of parties in such suit, he must seek relief by pursuing the course pointed out in *Boggs* v. *Hargrave* (16 Cal. 566).

APPEAL from the Second Judicial District.

The facts are stated in the opinion.

*Eugene Lies*, for Appellant.

I.    Whether Burton acquired a title to the property under decree of foreclosure and sale is not the question at issue.    Title cannot be passed upon in summary proceedings.    What, we ask, is possession.    There are many cases where possession and title are distinct.    The error of the Court below in awarding possession to the widow of Lefevre, under a claim of adverse tenancy, is precisely what we appeal from.    The Court below was bound to enforce its own decree of foreclosure and sale, with the single exception of persons in possession at the commencement of suit not made parties.

II.    Was it sufficient to make the executor of the husband a party to the foreclosure suit?

It is very clear that it was not sufficient for all purposes.    The authorities are unanimous on that point.    But it was sufficient for the purposes of this application.

In *Whitney* v. *Higgins* it is settled that all persons interested in the premises prior to the suit brought to foreclose a mortgage, whether purchasers, heirs, devisees, remainder-men, or incumbrancers, must be made parties, otherwise their rights will not be affected.

Nothing is claimed in conflict with the authority of that case. Whitney was permitted to redeem. That right, undoubtedly, remains in the heirs of Lefevre, notwithstanding the possession be now awarded to the appellant.

The Court is referred to the reasoning in *Montgomery* v. *Tutt* (11 Cal. 314). The distinction there so clearly made between proper parties and necessary parties, applies well to this case. " The purchaser under the decree takes a title only as against the parties to the suit." All the authorities agree that parties not brought into a suit of foreclosure preserve certain rights, but the point where they differ is, as to what those rights are. In New York the decree of foreclosure seems to be treated as a perfect nullity for want of necessary parties, while in Ohio, Alabama, and Kentucky it is merely held that the rights of redemptioners, not made defendants, are not affected. (Hilliard on Mort. ch. 33.)

The latter view is maintained in the above decisions of this Court.

What is, after all, the chief rule that governs as to parties to any litigation, but a certain, present, actual interest (often artificial and the creature of law) in the subject matter.

In England the executor brings assumpsit, but the heir, ejectment. Why this distinction ? It is not a question of title, since the heir, in many cases, is entitled to the personal as well as the real estate. The true reason is, that the executor is entitled, during administration, to the control, management, and disposal of the personalty ; and that, for the time being, the legal title is in him alone, by virtue of his office.

In this State the executor or administrator is the proper party to bring ejectment. ( *Curtis* v. *Sutter*, 15 Cal. 264.) If, then, an executor can bring ejectment, why cannot he suffer a decree of foreclosure on a lot belonging to his testator ? Why should the heir be joined ? Is it to secure the heir's right of redemption ? Clearly not, since that right is secured to him by statute. (Pr. Act, 230.) The heir should be joined, however, by any prudent

7

mortgagee who wishes to limit his right of redemption to the statutory period.

The position asserted, then, is, that the Sheriff's deed, under the circumstances of this case, vested in Burton the title of which Lefevre died seized, subject to rights of redemption in the parties not made defendants. Or, failing in this, that it vested in Burton the right of immediate possession.

III. The wife is not and cannot be in possession by any right of her own. The party in possession (whoever now occupies the premises) is the executor (*Curtis* v. *Sutter*, 15 Cal. 264); and this, whether or not the premises be common property. For, "upon the death of a married man, the whole of the common property is assets of the deceased, to be administered on by his personal representatives." (12 Cal. 599.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The plaintiff sold to the defendant Lies certain real estate, and took from him a mortgage to secure the payment of $4,000 of the purchase money. Lies sold the property to one Lefevre, subject to the mortgage, and subsequently received back a conveyance of a portion of the premises. Lefevre died soon afterwards, and the defendant De la Guerra is the executor of his estate. The plaintiff brought his action for the foreclosure of the mortgage, making Lies and the executor parties defendant, obtained the usual decree for the sale of the premises, became the purchaser at the sale, and, no redemption having been made within six months afterwards, received the Sheriff's deed. With this deed he demanded possession of a part of the property sold from the widow of Lefevre, who was at the time in its occupation, and the possession having been refused by her, he applied to the Court for a writ of assistance. The application was resisted by the widow, who alleged that she occupied the premises by virtue of a lease from one Thompson, and that he owned an undivided half of the same, by purchase from certain parties made in 1837. The Court denied the writ; and hence the present appeal.

It would seem that the premises in the possession of the widow

constituted the common property of Lefevre and herself.    They were purchased by him during the existence of the community, and the presumption attending the acquisition by purchase of property, during that period, by either husband or wife, is that it belongs to the community.    (*Meyer* v. *Kinzer*, 12 Cal. 251.)    Upon the death of Lefevre, one undivided half therefore passed absolutely to her, subject to the lien of the mortgage, and to the payment, with other property, of his debts.    (*Payne* v. *Payne*, 18 Cal. 291.) She should, in consequence, have been made a party defendant in the action for the foreclosure of the mortgage.    The general rule is, that all persons beneficially interested in the mortgaged property at the commencement of the action must be made parties, in order that complete justice may be done, and that a clear title may pass under the decree.    The purchaser takes a title only as against the parties to the action ; and hence, for obvious reasons, persons claiming as the survivors, devisees or heirs of the mortgagor, or as subsequent purchasers or incumbrancers, at the time the suit is instituted, should be brought in.    (*Montgomery* v. *Tutt*, 11 Cal. 314.)

Executors and administrators, it is true, under our system take possession of all property, real and personal, of the deceased whose estates they represent, and have the right to the possession of the same until the estates are settled or distribution is directed by the Probate Court ; and, in consequence, have until then the sole right to maintain actions of ejectment for real property of the decedents withheld from them.    (*Meeks* v. *Hahn*, 20 Cal. 620.)    But the action for the foreclosure of a mortgage is not brought for the possession merely of the property, except as such possession may follow the Sheriff's or Master's deed, but is brought to subject to sale the title of the mortgagor—that is, such title as he had at the date of his mortgage—and to cut off all the rights of parties subsequently becoming interested therein.    Executors and administrators do not possess the title, but only a temporary right to the possession of the property.

The decree did not, therefore, bind or in any respect affect the rights of the widow Lefevre to her undivided half of the mortgaged premises.    Her estate in that half remains as it existed previous to the institution of the foreclosure suit.    (*Goodenow* v. *Ewer*, 16

Cal. 461 ; *Boggs* v. *Hargrave*, Id. 562.) And the Court very properly denied the application for the writ of assistance against her. Such writ can only issue against the defendants in the suit, and parties holding under them, who are bound by the decree.

We have considered the widow of Lefevre as succeeding to one undivided half of the property, and in doing so we have not overlooked the fact that she resisted the application for the writ as tenant under Thompson—a party holding adversely to the mortgagor by title existing previous to the execution of the mortgage. If Thompson did hold an adverse title as represented, the fact was of itself a sufficient justification for the Court to refuse the writ, and to leave the purchaser to his action of ejectment. We have, however, treated the widow as having, in her own right, one undivided half of the property, upon facts admitted by the appellant in his brief.

The decree is valid as to the premises owned exclusively by the defendant Lies, and by the sale the purchaser acquired his title. If the purchaser desires to apply for relief from the sale, and to take further proceedings by a supplemental bill, bringing in the widow and other parties, for a resale of the premises, he must pursue the course pointed out in *Boggs* v. *Hargrave* (16 Cal. 566).

Order affirmed.