PITTSBURGH PLATE GLASS CO., APPELLANT, *v.* CULBERTSON HOTEL CO. ET AL., RESPONDENTS.

(No. 4,738.)

(Submitted March 10, 1922.  Decided March 27, 1922.)

[205 Pac. 957.]

*Mechanics and Materialmen's Liens—Foreclosure—Adjudication of Debt Prerequisite—Parties.*

Materialman's Lien—Use of Material in Building—Proof.
  1.  In an action to foreclose a materialman's lien, the plaintiff must prove, not only that the materials were furnished, but also that they were used in the construction of the building sought to be charged.
Same—Adjudication of Debt Prerequisite—Parties.
  2.  Before a creditor is entitled to foreclosure of a materialman's lien for a debt due him by a contractor who erected the building sought to be charged, the latter's indebtedness to him and the amount of it must have been adjudicated, and to this end the debtor (contractor) must be made a party to the action, served with summons and appropriate allegations set up in the complaint, the mere naming him in the title, being insufficient to give the court jurisdiction to adjudicate the indebtedness.

---

2.  Necessary or proper parties to action to foreclose a mechanic's lien, see note in **Ann.** Cas. 1918B, 3, 28, 31, 34, 41.

*Appeal from District Court, Sheridan County; C. E. Comer, Judge.*

ACTION by the Pittsburgh Plate Glass Company against the Culbertson Hotel Company and others to foreclose a materialman's lien. Judgment for the defendants and plaintiff appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Harry H. Dale,* for Appellant.

Courts should place a liberal construction on mechanics' liens. The reason for such a rule is very apparent. Materialmen and mechanics have no remedy for the enforcement of their claims except by section 7290, Revised Codes, which grants to such materialman and mechanic a lien for material and labor furnished.

Labor has no remedy except under sections 7290 and 7291, whereas the owner of the building is in a position to demand bonds from the contractor that all labor and material will be paid for. Our courts have very generally placed a liberal construction on these statutes for his benefit. (*Rogers Templeton Lumber Co.* v. *Welch,* 56 Mont. 321, 185 Pac. 838.)

The court there says: "It appears to us that all our statute requires is that a person wishing to avail himself of the benefits of it should honestly state his account." On page 329 the court says: "A materialman is not obliged to stand by and watch the progress of a structure to see that every piece of lumber and other material supplied by him is used before he can make the required affidavit. To so hold would render the mechanic's lien law more of a burden than a benefit. When materials for use in a proposed building are contracted for, if they are delivered in pursuance of such contract, and the building is completed, it is fair to conclude in the absence of evidence to the contrary that such material did in fact go into the building."

The following authorities hold that for goods which are delivered, whether they go into the structure or not, a lien attaches: *Berger* v. *Turnblad,* 98 Minn. 163, 116 Am. St. Rep. 353, 107 N. W. 543; *Johnson* v. *Starrett,* 127 Minn. 138, L. R. A. 1915B, 708, 149 N. W. 6; *Little Bros. Mill Co.* v. *Baker,* 57 Wash. 311, 135 Am. St. Rep. 980, 106 Pac. 910.

*Messrs. Babcock & Ellery,* for Respondent.

MR. COMMISSIONER AYERS prepared the opinion for the court.

This is an action to foreclase a lien executed and filed pursuant to section 7291 of the Revised Codes of 1907, for materials furnished by plaintiff in connection with the erection of a hotel owned by the defendant the Culbertson Hotel Company, a corporation. Plaintiff alleges that on June 9 and 11, 1917, it furnished certain materials to E. L. Olsen, one of the defendants named, and the person who had the contract for the building and construction of the hotel for the defendant hotel company, of the value of $274.94; and on November 23, 1917, it furnished additional materials in the same way to the amount of $5.48, all of which were used in the construction of the hotel building. On January 5, 1918, plaintiff filed in the office of the clerk and recorder of Sheridan county its duly executed and verified lien for the sum of $280.42, total of all materials alleged to have been furnished by it, according to the law providing for the filing of such liens, charging therewith lot 6 and the south half of lot 5 in block 10 of Courchene's original addition to the town of Culbertson, then Sheridan, now Roosevelt county, together with the building thereon, the same being the property of the defendant hotel company, and within the statutory period therefor instituted this action in the district court of Sheridan county to foreclose said lien. All defendants other than the hotel company are added in name only. No cause of action is stated, and no relief is sought against any of them, and no

service of summons, so far as the record discloses, was made upon any of them.

The hotel company answered, admitting the sale and the furnishing of the materials on June 9 and 11 to Olsen, and admitted that the same were used in the construction of its hotel building. It denies that the materials alleged to have been furnished on November 23 were ever furnished it or Olsen, for it, on said date or at any other time, or at all, and denies that the same, or any part thereof, were used or ever entered into the construction of the hotel building. As to the furnishing of said materials and their use in said building, the trial proceeded upon the issues above narrated. The court, after hearing all the testimony, entered judgment for the defendant hotel company to the effect that plaintiff had no lien, dismissing the complaint, and. awarding defendant its costs in the sum of $72.50. This appeal is from that judgment.

The testimony shows that Olsen, as alleged in plaintiff's complaint, was the contractor for the building and construction of said hotel; that under his contract he was to furnish all materials; that the plaintiff had no dealings whatsoever with defendant hotel company; that all materials it furnished and sold in connection with the building and erecting of said hotel were furnished and sold to Olsen and charged to him. This being a fact as disclosed by the testimony, the principal question before the trial court was whether the materials alleged to have been furnished on November 23 and to have entered into the construction of the hotel building of defendant company were ever in fact furnished, and, if so, did they enter into the construction of the building?

It was incumbent upon plaintiff to establish its lien, and [1] to do so it must prove by a preponderance of evidence, not only that it furnished the materials, but that the same were used in the construction of the building situated on the property to which it claims a. right to resort as security for the debt thus created. In the absence of this showing its

equity does not arise and its lien is of no effect.    (*Silvester* v. *Coe Quartz Mine Co.,* 80 Cal. 510, 22 Pac. 217; *Weir* v. *Barnes,* 38 Neb. 875, 57 N. W. 750; *Chapin* v. *Paper Works,* 30 Conn. 461, 79 Am. Dec. 263; *Hunter* v. *Blanchard,* 18 Ill. 318; *Taggart* v. *Buckmore,* 42 Me. 77; *Shullenberg* v. *Prairie Home Institute Co.,* 65 Mo. 295; *Missoula Merc. Co.* v. *O'Donnell,* 24 Mont. 65, 60 Pac. 594, 991.)

Plaintiff did not bring itself within this rule, for it wholly failed to show that any of the materials of November 23 were ever ordered by Olsen or the hotel company, or were ever delivered to either, or that the said materials or any part thereof ever entered into the construction of said building. Without a showing that the materials of November 23, or some part thereof, entered into the construction of the building, there could be no lien, for those items are the only ones alleged to have been furnished within the ninety days' period for filing such liens. (Sec. 7291, Rev. Codes 1907.)

Other questions raised by this appeal are not worthy of [2] notice, but there is another proposition so patent from the record that we deem it necessary to call attention to it. Upon both the pleadings and proof Olsen contracted the debt for the materials furnished by plaintiff. This debt is the only foundation for this action. Without a debt there can be no lien; hence the existence of the lien depends upon the existence of the debt for which it stands as security, and it cannot be enforced until the indebtedness be shown. This cannot be shown except in proper judicial proceedings for that purpose to which the debtor is made a party, and the mere naming of him in the title of the complaint did not make him such in fact. Service of summons, as well as appropriate allegations in the complaint, were necessary for that purpose. The admission by the defendant hotel company that the materials of June 9 and 11 entered into the construction of the building did not help matters; did not adjudicate Olsen's indebtedness to plaintiff. Olsen was entitled to his "day in court," and defendant hotel company was entitled to have

his debt adjudicated before its property should be subjected, by lien foreclosure, to the payment thereof. It is a well-established rule of law that no judgment can be rendered or enforced in any case until the debtor is made a party to the proceeding, and the fact and amount of his liability judicially determined. (*Gilliam* v. *Black,* 16 Mont. 217, 40 Pac. 303; *Kerns* v. *Flynn,* 51 Mich. 573, 17 N. W. 62; *Vreeland* v. *Ellsworth,* 71 Iowa, 347, 32 N. W. 374; *Lookout Lumber Co.* v. *Mansion Hotel & B. Ry. Co.,* 109 N. C. 658, 14 S. E. 35; *Sinnickson* v. *Lynch,* 25 N. J. L. 317; *Estey* v. *Hallack & Howard Lumber Co.,* 4 Colo. App. 165, 34 Pac. 1113; *Missoula Merc. Co.* v. *O'Donnell, supra.*)

In the case last above cited, Mr. Chief Justice Brantly said: "The lien is not in any sense the, or any, cause of action. It is merely an incident, ancillary or subsidiary to the main fact—which is the debt. The creditor may waive his lien—the incidental right—and pursue the debtor upon his personal liability, but he cannot enforce the lien without ascertaining both the fact of indebtedness and the amount of it in the only way recognized by law; that is, by making the debtor a party, and litigating the question of indebtedness with him."

The case at bar was tried upon the theory that the materials were sold to Olsen, and by him made a part of defendant hotel company's building. In order to foreclose a lien against the hotel company's property for such materials, the plaintiff must first prove a valid lien as herein recited, and adjudicate its claim against Olsen, neither of which was done.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*