ROHR et al., Appellants, *v.* STANTON et al., Respondents.

(No. 6,057.)

(Submitted February 17, 1927. Decided March 15, 1927.)

[254 Pac. 869.]

*Banks and Banking — Insolvency — Stockholders' Liability — Complaint — Sufficiency — Surplusage—General Demurrer—Appeal.*

Complaint—Sufficiency Upheld on Appeal as Against General Demurrer, When.

1. As against a general demurrer the order sustaining which does not indicate the theory of the trial court, the sufficiency of a complaint will be upheld if it warrants recovery upon any admissible theory.

Banks and Banking—Stockholders' Liability — Complaint — Allegation That Bank "was Insolvent" *Held* Sufficient and not Mere Conclusion.

2. In an action by depositors to recover on the liability of stockholders in an insolvent bank under section 6036, Revised Codes of 1921, as amended by Chapter 9 of the Laws of 1923, alleging, upon information and belief, that the bank on a certain day "was insolvent," *held* sufficient to entitle plaintiffs to make proof of the facts which make up the condition of insolvency, as defined by subdivision 10 of section 6014a, Chapter 90, Laws of 1923, the allegation not being open to the objection that it merely pleaded a conclusion of law.

Pleading—Action by Few Persons for Benefit of Large Numbers of Others—Complaint.

3. Where an action is brought by a few persons in a representative capacity, that fact must be alleged in the pleading, the usual averment being that the action is brought, not only for the benefit of the plaintiffs, but also for the benefit of all others similarly interested who may elect to come in and contribute to the costs and expenses of the suit.

Banks and Banking—Insolvency—Action on Stockholders' Liability by Few Creditors for Benefit of All—Complaint—Sufficiency.

4. Under the above rule (par. 3), *held* that where the complaint in an action by a number of creditors of an insolvent bank alleged that they for and in behalf of themselves and all other creditors of the bank were filing the complaint, that the number of creditors was more than 1,000, that their names were unknown to plaintiffs, *etc.*, praying for an order permitting them to maintain the action on behalf of all the creditors of the bank, it was sufficient under section 9083, Revised Codes of 1921.

---

1. See 21 R. C. L. 515.

[78 Mont. 494.]

Same—Action on Stockholders' Liability—Complaint—Exhaustion of Assets of Bank not Necessary to be Pleaded, When.

 5. One seeking to recover on the double liability of an insolvent bank's stockholders need not allege the exhaustion of the corporate assets, where the corporation is otherwise shown to be insolvent.

Complaint—Prayer not Part of Statement of Cause of Action—Sufficiency—Surplusage Disregarded.

 6. In determining the sufficiency of a complaint, matters pleaded which are surplusage will be disregarded, as will also that part of the prayer which is broader than the complaint, the prayer not forming any part of the statement of the cause of action, and the facts alleged and not the relief demanded determining the relief to be granted.

Banks and Banking — Action on Stockholders' Liability — Joinder of Bank as Party Defendant.

 7. *Quaere:* May a bank be properly joined as a party defendant in an action by depositors to recover on the statutory liability of its stockholders?

---

 [1] Pleading, 31 **Cyc.**, p. 116, n. 52.
 [2] Banks and Banking, 7 **C. J.**, sec. 114, p. 521, n. 59. Fraudulent Conveyances, 27 **C. J.**, sec. 676, p. 771, n. 71.
 [3, 4] Banks and Banking, 7 **C. J.**, sec. 114, p. 521, n. 59. Pleading, 31 **Cyc.**, p. 100, n. 87 New.
 [5] Banks and Banking, 7 **C. J.**, sec. 89, p. 514, n. 79; sec. 114, p. 521, n. 59.
 [6] Banks and Banking, 7 **C. J.**, sec. 114, p. 521, n. 59. Pleading, 31 **Cyc.**, p. 68, n. 76, p. 110, n. 97, p. 111, n. 1.
 [7] Appeal and Error, 4 **C. J.**, sec. 2605, p. 699, n. 23. Pleading, 31 **Cyc.**, p. 329, n. 57.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

Action by William Rohr and others, for themselves and on behalf of others, against George H. Stanton and others. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded, with direction to overrule demurrer to the complaint.

*Messrs. Hurd, Rhoades, Hall & McCabe,* for Appellants, submitted a brief; *Mr. E. J. McCabe* argued the cause orally.

Citing: *Corwin* v. *Settergren,* 70 Mont. 535, 226 Pac. 552; *Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282; *Springhorn* v.

---

 5. See 3 R. C. L. 416.
 6. See 21 R. C. L. 453, 489.

*Dirks,* 72 Mont. 121, 231 Pac. 912; *King* v. *Pony Gold Mining Co.,* 28 Mont. 74, 72 Pac. 309; *Lynch* v. *Jacobson,* 55 Utah, 129, 184 Pac. 929; *Wyman* v. *Wallace,* 201 U. S. 230, 50 L. Ed. 738, 26 Sup. Ct. Rep. 495; *Lamar* v. *Taylor,* 141 Ga. 227, 80 S. E. 1085; *Munger* v. *Jacobson,* 99 Ill. 349; *Zang* v. *Wyant,* 25 Colo. 551, 71 Am. St. Rep. 145, 56 Pac. 565; *Pyles* v. *Carney,* 85 W. Va. 159, 101 S. E. 175; *Terry* v. *Tubman,* 92 U. S. 156, 23 L. Ed. 537; *Buist* v. *Williams* (S. C.), 68 S. E. 859; 7 Fletcher's Ency. of Corporations, sec. 4232, and cases therein cited.

*Mr. George H. Stanton,* for Respondents, submitted a brief, and argued the cause orally.

One of the material and necessary allegations of a complaint of this character is that of insolvency of the bank. In the absence of the insolvency of the bank there could be no double liability of its stockholders. Appellants have wholly failed to plead insolvency. The attempt to plead insolvency at first glance discloses that the language used amounts to a legal conclusion and the balance thereof is nothing more than surplusage. Insolvency as defined by our statute (sec. 6014a, subd. 10, Chap. 90, Laws of 1923) is not alleged in the amended complaint. The allegation that on July 9, 1923, the respondent bank "was insolvent and unable to pay its debts as same became due," falls far short of our statutory definition of the word "insolvency" as applied to banks of Montana.

The amended complaint alleges that this action is brought "to recover on the liability provided by section 6036 of the Revised Codes of Montana 1921." In order to recover on a liability created by statute this court has held that "where a party relies for recovery upon a special statute creating a liability where none existed before, he must set forth in ordinary and concise language a statement of facts showing his

right to recover under that statute." (*Kelly* v. *Northern Pac. Ry. Co.*, 35 Mont. 243, 88 Pac. 1009; 1 Bancroft on Code Pleading, sec. 40.) Statutory proceedings by which a new right is perfected and enforced must be strictly followed. (*McGlauflin* v. *Wormser*, 28 Mont. 177, 72 Pac. 428; *Doney* v. *Northern Pac. Ry. Co.*, 60 Mont. 209, 199 Pac. 432.) "It is a correct rule in declaring upon a statute to describe the cause of action, whatever it may be, in the words of the statute." (*Fair* v. *Home Gas & Electric Co.*, 13 Cal. App. 589, 110 Pac. 347; *Gebhart* v. *Adams*, 23 Ill. 397, 76 Am. Dec. 702.) No recovery can be had under the statute unless plaintiff alleges exactly those facts which the statute names as the basis for the right conferred. (*Ricks* v. *Reed*, 19 Cal. 551; *Fleming* v. *Indianapolis*, 6 Ind. App. 80, 32 N. E. 1135; *Fuqua* v. *Farrell*, 80 Ky. 69; *Blake* v. *Russell*, 77 Me. 492, 1 Atl. 200; *Bryan* v. *Smith*, 10 Mich. 229; *Hewitt* v. *Harvey*, 46 Mo. 368; *Thorpe* v. *Rankin*, 19 N. J. L. 36, 38 Am. Dec. 531; *Smith* v. *Lockwood*, 13 Barb. (N. Y.) 209; *Haskins* v. *Alcott*, 13 Ohio St. 210; *Hewitt* v. *Grand Chute*, 7 Wis. 282.)

The amended complaint discloses that this action seeks relief only in behalf of these appellants. It as a whole very clearly shows that these appellants are seeking to recover from stockholders the separate sums alleged to be due to these appellants and the complaint is silent and entirely lacking in the essential allegations required for the protection of all other general creditors and the ratable distribution of the sum sought to be recovered to all creditors alike. "A single creditor cannot sue for his own individual benefit." (2 Bancroft's Code Pleading, sec. 1247.) "The collection of the trust fund created for distribution ratably to the creditors of a banking corporation by the enforcement of the stockholders' double liability can be enforced only at the suit of all the creditors or by one or more of them for the use and benefit of all." (*Barth* v. *Pock*, 51 Mont. 418, 155 Pac. 282.)

MR. JUSTICE STARK delivered the opinion of the court.

Plaintiffs brought this action for the purpose of enforcing as against the individual defendants named their liability as stockholders of the defendant Stanton Trust & Savings Bank of Great Falls, Montana (hereafter referred to as the bank), under the provisions of section 6036 of the Revised Codes of 1921, which, as amended by Chapter 9, page 24, of the Session Laws of 1923, reads: "The stockholders of every bank shall be severally and individually liable, equally and ratably, and not one for the other, for all contracts, debts, and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. * * * "

The defendants jointly demurred to the plaintiffs' amended complaint (hereafter referred to as the complaint), on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiffs having declined to further plead, judgment of dismissal was rendered and entered against them, from which they have appealed.

The complaint consists of separate statements of twelve separate causes of action. The allegations of each cause are identical with the exception of the name of the claimant and amount of indebtedness. Therefore we shall consider the allegations of the first cause of action alone, as they will sufficiently serve the purposes of this opinion.

The only question presented for consideration is whether the [1] complaint states a cause of action. We are therefore called upon to determine whether the complaint would warrant a recovery by plaintiffs upon any admissible theory, for, if it would, it is sufficient to withstand an attack by general demurrer. (*Anderson* v. *Border*, 75 Mont. 516, 244 Pac. 494.) The order sustaining the demurrer was general and did not indicate the theory of the court's ruling.

In their brief filed in this court, defendants assail the sufficiency of the complaint upon three grounds: (a) That it does not sufficiently allege the insolvency of the defendant bank; (b) that it does not state facts sufficient to show that the action is prosecuted by plaintiffs for the benefit of all the creditors of the bank under the provisions of section 9083, Revised Codes of 1921; (c) that it does not state facts sufficient to bring the plaintiffs within the provisions of section 6036, *supra.* We shall consider these objections in the order named.

1. The complaint alleges, upon information and belief, that [2] on or about the ninth day of July, 1923, the bank "was insolvent," and on said day closed its doors, notified the banking department of the state of Montana of the fact of such insolvency and thereupon ceased to further engage in the banking business; that the total amount of its indebtedness to creditors is the sum of $600,000, which includes the claims of the plaintiffs; and that the assets of the bank at the present time, if converted into cash, would not bring in excess of $100,000.

It is contended by the defendants that the allegation that the bank "was insolvent" is the pleading of a conclusion of law, rather than the pleading of an ultimate fact. No authorities are cited to sustain this contention. The words "insolvent" and "insolvency" are of general use and obvious meaning. It appears to be generally held that insolvency may be alleged in terms without stating the probative facts. In *Coal City etc. Co.* v. *Hazard Powder Co.,* 108 Ala. 218, 19 South. 302, there was a general allegation that the defendant was "insolvent." In holding that to be a sufficient allegation of the fact of insolvency, the court said: "The fact of insolvency may, we think, be averred as it is in this bill. That is a well understood and recognized pecuniary condition of the party in reference. It may be a sort of conclusion from other facts, but if so it is also that kind of collective fact which may be averred and deposed to, and its statement involves and presents all the minor facts which make up the condition; and

the condition itself—the result of the facts which enter into it—is the fact in issue." (See, also, 3 Bancroft's Code Pleading, p. 2406; *Gray* v. *Brunold*, 140 Cal. 615, 74 Pac. 303; *Grunsfeld Bros.* v. *Brownell*, 12 N. M. 192, 70 Pac. 310; *Lammert* v. *Stockings*, 27 Ind. App. 619, 61 N. E. 945; 27 C. J., p. 771, sec. 676.)

Under these authorities, we hold the allegation of the complaint that the bank was "insolvent" sufficient to entitle plaintiffs to make proof of "the minor facts which make up the condition" of insolvency, as declared by section 6014a, subdivision 10, Chapter 90, Session Laws of 1923, page 240.

2. Does the complaint show that plaintiffs are entitled to [3, 4] maintain this action for themselves and on behalf of other creditors of the bank under the provisions of section 9083, Revised Codes of 1921, which provides that when the question is one of common or general interest of many persons, or when the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all?

Where a suit is brought by or against a few persons in a representative capacity, that fact must be alleged in the pleading so as to present to the court the question whether sufficient parties are before the court properly to represent the rights of all. And the usual averment in a case of that kind is to the effect that the action is brought, not only for the benefit of the plaintiffs, but also for the benefit of all others similarly interested who may elect to come in and contribute to the costs and expenses of the suit. (15 Ency. Pl. & Pr. 631; *Carey* v. *Brown*, 58 Cal. 180.)

In the introductory paragraph of the complaint in this action, it is stated that the plaintiffs, creditors, respectively, of the bank, and as such having a common interest in enforcing the liability of the defendants for and on behalf of themselves and all other creditors of said bank, filed this complaint. And in paragraph 8 it is alleged that the creditors of the bank number more than 1,000; that their names are unknown to the plain-

tiffs; and that it is impracticable to join them as parties to the action and bring them before the court within a reasonable time. And in the prayer of the complaint the plaintiffs ask that they be permitted to maintain the action for and on behalf of all the creditors of the bank who will unite with them in the suit, and that an order of the court to that effect and for such purpose be forthwith made.

We think the complaint is sufficient on its face to entitle the plaintiffs to prosecute the action for themselves and on behalf of the other creditors of the bank.

3. It is finally urged that the facts stated in the complaint do not bring the plaintiffs within the provisions of section 6036, *supra.* The complaint sets out the incorporation of the bank; that the individual defendants named are stockholders, giving the number of shares of stock owned by each, with the par value thereof; the insolvency of the bank as above set forth; that the plaintiffs are creditors of the bank and that certificates showing the amount due to them have been issued; that they are the owners of such certificates; and that no part of the amount due to them has been paid. There is also an allegation which purports to set out the *pro rata* liability of each of the defendant stockholders to the plaintiffs, and in the prayer, amongst other things, judgment is asked in favor of the plaintiffs against each of the individual defendants for the amount of this *pro rata.* The plaintiffs also ask in the prayer that the liability of the stockholders be ascertained and adjudicated, and that each defendant stockholder be assessed for the benefit of the creditors an amount equal to the par value of his shares of stock, that all sums be ordered paid into court, and that, if necessary, a receiver be appointed to collect and enforce the judgment and distribute the funds under the order of the court. There is also a prayer for general relief.

Except as pointed out in paragraphs 1 and 2, above, the defendants have not definitely indicated in what respect they claim the complaint fails to state a cause of action against the individual defendants as stockholders in the bank, although there

[5]   seems to have been a contention that the plaintiffs had failed to state facts sufficient to bring themselves within the provisions of section 6036, *supra,* because the complaint failed to show that all the assets of the bank had been exhausted and applied in payment of the claims of its creditors. This contention cannot be sustained.

According to the weight of authority, the rule requiring the exhaustion of the corporate assets before resort can be had to the stockholders' liability has no application where the corporation is otherwise shown to be insolvent. (7 Fletcher's Cyc. of Corporations, sec. 4332.) The rule stated in the above text was expressly adopted and approved by this court in *Skarie* v. *Marron, ante,* p. 295, 253 Pac. 859, and was recognized in *Springhorn* v. *Dirks,* 72 Mont. 121, 231 Pac. 912, *Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282, and *King* v. *Pony Gold Min. Co.,* 28 Mont. 74, 72 Pac. 309.

If any of the matters pleaded are surplusage, they will be [6]   disregarded in determining the sufficiency of the complaint. (*Anderson* v. *Border, supra.*) So with the prayer. It forms no part of the statement of the cause of action. (*Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49.) If it. is broader than the complaint, it will be disregarded. (*Arnold* v. *Sinclair,* 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340.) The court will look to the entire complaint to determine the relief to which a party is entitled. (*Leopold* v. *Silverman,* 7 Mont. 266, 16 Pac. 580.) "The facts alleged and not the relief demanded are of chief importance, and they determine the relief to be granted." (31 Cyc. 111.)

We think the allegations of the complaint are sufficient to invoke the aid of the court to enforce the statutory liability of the individual defendants as stockholders of the defendant bank within the rule announced in *Barth* v. *Pock, supra,* and *Springhorn* v. *Dirks, supra.*

Whether the bank was properly joined as a party defendant [7]   in this action is not considered, as that question is not

now before the court.  (*Rand* v. *Butte Elec. R. Co.*, 40 Mont. 398, 107 Pac. 87.)

It is our conclusion that the complaint states a cause of action and that the court was in error in sustaining the demurrer thereto.

The judgment is reversed and the cause remanded to the district court, with direction to overrule the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.