MURRAY ET AL., APPELLANTS, *v.* CREESE ET AL., RESPOND-
ENTS.

(No. 6,187.)

(Submitted· September 26, 1927. Decided November 7, 1927.)

[260 Pac. 1051.]

*Real Estate—Mortgages—Foreclosure—Deeds—Assumption of
Mortgage Debt—Parties—Summons—Failure to Serve Mort-
gagors—Duty of Trial Court.*

Appeal—Cross-assignments of Error.
  1.  It is only where alleged errors assigned by respondent under
  his cross-assignments of error compensate appellant for errors
  committed against him that the supreme court is required to af-
  firm the judgment, under section 9751, Revised Codes 1921.
Deeds—Assumption of Mortgage Debt—Foreclosure—Parties.
  2.  Where a deed to mortgaged real property provides that the
  purchaser assumes and agrees to pay the mortgage debt, he be-
  comes liable for the debt to the mortgagee or his assigns, who,
  under the doctrine of equitable subrogation, may enforce the
  liability in an action against the purchaser to foreclose the mort-
  gage, or may proceed against the mortgagor (grantor), or both
  jointly.
Pleading—Prayer No Part of Complaint.
  3.  The prayer is no part of the complaint or cause of action
  stated; it cannot enlarge the relief sought by the allegations
  made, and in so far as the prayer is broader than the allegations
  it must be disregarded.
Mortgage Foreclosure—Assumption by Vendee of Mortgage Debt—
Complaint.
  4.  In a foreclosure action against the purchaser of mortgaged
  real property, on the theory that he assumed the mortgage debt,
  plaintiff must show that defendant acquired title by deed from
  the mortgagor containing the assumption of the debt and the ex-
  istence and ownership of the debt, without which there would
  be no lien to foreclose and no liability upon the purchaser to
  pay any amount.
Same—Necessary Parties.
  5.  In an action of the nature of the above (par. 4) the holders
  of interests or liens acquired subsequent to the inception of plain-
  tiff's rights are necessary parties defendant.

---

  2.  What amounts to assumption of mortgage by grantees, and
their liability thereunder, see note in 78 Am. Dec. 73. See, also, 19
R. C. L. 371. Mortgagee's right to sue where property is sold sub-
ject to mortgage, see note in 25 L. R. A. 275. Liability of gran-
tee assuming mortgage debt to mortgagee or one in privity with him,
see notes in 21 A. L. R. 439; 47 A. L. R. 339. Assumption of mort-
gage by grantee as affecting right of mortgagee to proceed against
mortgagor, see note in 41 A. L. R. 317.
  3.  See 21 R. C. L. 489.

Mortgages — Assumption of Payment by Purchaser — Duty of Mortgagee and Purchaser to Protect Interests of Mortgagor.

6. On sale of mortgaged property with the condition that the vendee assume the mortgage debt, the land itself remains the primary fund for the payment of the mortgage debt assumed, and both the mortgagee and the vendee are bound to protect the mortgagor by seeing that the security is exhausted in satisfaction of the debt or a part of it.

Same—Foreclosure—Mortgagors Indispensable Parties, When.

7. Where a foreclosure action is commenced against the mortgagors and other parties are joined as defendants solely for the purpose of foreclosing interests acquired subsequent to the mortgage, title remaining in the mortgagors, the latter are indispensable parties and the question of priority cannot be tried without service of summons upon them, the real parties in interest on the main issue.

Same—Failure of Service of Summons on Real Parties in Interest (Mortgagors)—Dismissal of Action on Merits Error.

8. Where during trial of a mortgage foreclosure suit it appeared that the real parties in interest had not been served with summons, the action of the court in dismissing the suit upon the merits as to their co-defendants who asserted some interest in the property acquired subsequent to the date of the mortgage was error, the proper practice requiring vacation of the setting with a continuance to plaintiff on terms, the error committed in setting the case having been invited by him.

---

[1]   Appeal and Error, 4 **C. J.** sec. 3130, p. 1136, n. 37.
[2]   Mortgages, 41 **C. J.** sec. 806, p. 743, n. 90; sec. 817, p. 750, n. 78; sec. 819, p. 750, n. 82.   42 **C. J.**, sec. 1604, p. 72, n. 43.
[3]   Mortgages, 42 **C. J.**, sec. 1621, p. 88, n. 42.   Pleading, 31 **Cyc.**, p. 110, n. 97, p. 111, n. 1.
[4]   Mortgages, 42 **C. J.**, sec. 1610, p. 78, n. 24.
[5]   Mortgages, 42 **C. J.**, sec. 1563, p. 47, n. 13; sec. 1580, p. 57, n. 23.
[6]   Mortgages, 41 **C. J.**, sec. 788, p. 736, n. 71.
[7]   Mortgages, 42 **C. J.**, sec. 1562, p. 47, n. 2; sec. 1600, p. 68, n. 1, p. 69, n. 6.
[8]   Continuances, 13 **C. J.**, sec. 17, p. 130, n. 95, 97.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by John Murray and another against Fred B. Creese and wife and others. From the judgment, plaintiffs appeal. Reversed and remanded.

*Mr. Kerr Beadle* and *Mr. Geo. W. Howard,* for Appellants, submitted a brief; *Mr. F. A. Silver,* of Counsel, argued the cause orally.

*Mr. A. C. McDaniel,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the ópinion óf the court.

John Murray and Mary Murray commenced a foreclosure proceeding based upon a note for $1,600 and interest, of date February 24, 1916, secured by mortgage on certain lots in the city of Butte, naming Fred B. Creese and Stacy Creese, the makers of the note and mortgage, and J. F. McLanahan and wife, as defendants.

As to the latter defendants the complaint alleges that they have, or claim to have, "some interest or claim upon said premises or some part thereof," the nature of which is unknown to the plaintiffs, which interest or claim is subsequent to, and subject to, the lien of plaintiffs' mortgage.

McLanahan and wife demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action as against them, which demurrer was overruled, and they then answered, admitting that J. F. McLanahan "claims an interest in the property," and denying all other allegations of the complaint.

No appearance was made by the defendants Creese, nor was their default entered. The parties proceeded to trial upon the issues joined by the McLanahan answer to the complaint, on October 19, 1926.

The proof adduced on the part of the plaintiffs consisted of testimony as to the execution and delivery by the Creeses of the note and mortgage to John Murray, an assignment by John Murray to Mary Murray, nonpayment and present ownership of the note and mortgage. At this point plaintiffs stated that they rested, whereupon counsel for defendants McLanahan refused to introduce any testimony, and counsel for plaintiffs asked leave to reopen their case, which motion was granted. Plaintiffs then offered in evidence the record of a quitclaim

deed of date November 21, 1918, whereby one Blanche A. Coyne conveyed to J. F. McLanahan her dower interest in the lots in question, for the reason stated that Herbert A. Coyne had theretofore "made a deed in which the party of the first part did not join." This quitclaim deed recites that it is "subject to" the mortgage in question "which the party of the second part assumes and agrees to pay." Defendants objected to the introduction of the deed on the ground that it was "not within the issues"; that the recitals therein would not be binding on McLanahan in this action; that it shows that Blanche A. Coyne had no fee-simple interest in the lots, and does not show any personal liability resting on her to pay the note; and that, therefore, she could not "tack the claim to J. F. McLanahan." The objection was overruled, and the instrument admitted in evidence, whereupon plaintiff rested, and the defendants announced that they would introduce no evidence.

Thereupon the appearing defendants separately moved the court "to dismiss the action as to them because of the insufficiency of evidence, no liability upon either party being shown, and the complaint does not state a cause of action, and the evidence just admitted is not within the issues of the complaint." The court then asked if there had been no service upon Fred B. Creese and Stacy Creese, and counsel for plaintiffs replied, "No, sir; because the record shows they have no interest in the property." On October 23, 1926, the court by order granted the motion to dismiss, and on November 1 plaintiffs moved for a new trial on the grounds: (a) That the order and judgment of the court are against law; (b) irregularities on the trial; (c) accident and surprise; and (d) newly discovered evidence, the motion to be made on affidavits thereafter to be filed and on the minutes of the court.

On November 8 each of plaintiffs' attorneys made and filed with the court his affidavit to the effect that, when the motion to dismiss was made, on October 19, no argument was made, but counsel for defendants asked, and was granted, five days in

which to file a memorandum of authorities; that no such memorandum was filed and during the period from the nineteenth to the twenty-third plaintiffs' counsel were working on a memorandum to be filed within five days after receipt of defendants' memorandum, but, by the court's irregular action in granting the motion on the twenty-third, they were prevented from presenting argument or authorities. The motion for a new trial was later heard and denied.

On November 5, 1926, the court entered judgment that the plaintiffs take nothing from the answering defendants; that the complaint and the action be dismissed as to these defendants "upon the merits"; that the plaintiffs have no lien or encumbrance on the real estate described, adverse to or affecting the title or interest of the defendant J. F. McLanahan, and that McLanahan is adjudged to hold said real estate free and clear of, and discharged from, any lien or claim of the plaintiffs or either of them; and that plaintiffs are forever estopped and debarred from asserting any claim or lien against the premises adverse to the rights of defendants, and forever estopped and debarred from selling, or causing to be sold, the real estate under or according to the mortgage or any judgment given and made thereon or on the note, and for defendants' costs.

The plaintiffs have appealed from this judgment; they make fourteen specifications of error, which, they assert, raise four questions for decision, to wit: Should the court have granted the motion to dismiss? Can the owner of a mortgage, in the absence of service upon the mortgagors, prosecute the proceeding to decree against claimants of some interest in the real estate? Will the granting of such motion for lack of jurisdiction warrant a judgment on the merits? And on such order may the court decree to the claimants the real estate in question and forever preclude the mortgagee from foreclosing his mortgage or selling the property mortgaged in satisfaction of the mortgage debt? They urge that the judgment should have been one of dismissal without prejudice.

The defendants have made cross-assignments of error upon which they assert the court erred, in overruling their demurrer to the complaint, on the ground of insufficiency as against them; in admitting the note, mortgage and assignment in evidence, as immaterial under the theory on which plaintiffs proceeded to trial; and in admitting the Coyne deed, as that instrument did not show that Coyne was obligated to discharge the mortgage debt, and there was, in any event, no privity of contract between plaintiffs and defendants McLanahan.

1. We have examined the authorities cited by counsel for de-
[1]   fendants, and given careful consideration to their argument on their cross-assignments of error, and find no error was committed which compensated plaintiffs for errors committed against them, and we are therefore not required to affirm the judgment under section 9751, Revised Codes of 1921, and the decisions thereunder. (*In re Murphy's Estate,* 43 Mont. 353, Ann. Cas. 1912C, 380, 116 Pac. 1004; *Manhattan Co.* v. *White,* 48 Mont. 565, 140 Pac. 90.)   The reasons for this ruling will hereinafter fully appear.

2. In arguing their opposing theories as to the liability of
[2]   a purchaser of mortgaged premises under a deed which provides that the purchaser assumes and agrees to pay the mortgage debt, counsel for both plaintiffs and defendants cite authorities from other jurisdictions on which it might be decided that such a purchaser was either liable or not liable, as the authorities are in conflict on the subject (41 C. J. 750), and overlook the fact that this question has already been decided in this state by the decision in *Kinyon Investment Co.* v. *Belmont State Bank,* 69 Mont. 282, 221 Pac. 286, wherein it is held that under such circumstances the purchaser becomes liable for the debt to the mortgagee or his assigns, who, under the rule of equitable subrogation, may enforce the liability in an action against the purchaser to foreclose the mortgage, and therein the latter obligation is measured by the terms of the mortgage, but that the assumption of the debt does not de-

prive the mortgagee of any remedy he might have against the mortgagor, and that therefore he may proceed against the mortgagor, the grantee, or both jointly. In that case the assignee of the mortgagee elected to proceed against the grantee without joining the mortgagor as a party defendant, and secured a judgment and decree of foreclosure and·sale resulting in a deficiency judgment against the purchaser, which was affirmed on appeal.

3. In the case at bar the plaintiffs elected, in drawing their complaint, to proceed against the mortgagors alone, and by their allegations therein · sought a judgment for the amount due upon the mortgage debt against the makers thereof alone, a foreclosure of the mortgage, and sale of the property, and, in case of a deficiency, a deficiency judgment against the mortgagors alone. The defendants McLanahan were joined solely for the purpose of foreclosing any interest or claim which they might have acquired subsequent to the time the lien of the mortgage attached. It is clear that this is the extent of the relief sought by the complaint as drafted, and it was sufficient for this latter purpose as against the general demurrer interposed by the defendants McLanahan.

4. It is true that the plaintiffs prayed "judgment against the defendants" for the amount due on the mortgage debt, without confining the prayer to judgment against the defendants Fred B. and Stacy Creese, but this was immaterial, as the [3] prayer is no part of the pleading or cause of action stated, and cannot enlarge the relief sought by the allegations of the complaint (*O'Neill* v. *Montana Elevator Co.,* 65 Mont. 259, 211 Pac. 222; *Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49), and, in so far as the prayer is broader than the allegations of the complaint, it must be disregarded (*Arnold* v. *Sinclair,* 11 Mont. 556, 28 Am. St. Rep. 489, 29 Pac. 340; *Rohr* v. *Stanton,* 78 Mont. 494, 254 Pac. 869). ·

5. The omission to confine the prayer for relief to a prayer for judgment against the makers of the note and mortgage was obviously merely an oversight, and could not be made the

basis of proof to the effect that defendant J. F. McLanahan assumed and agreed to pay the mortgage debt, or to vest the court with jurisdiction to grant relief to either the plaintiffs or the defendants on issues not made by the pleadings and on evidence admitted over objection.

6. As the defendants denied that their interest in or claim to the property, or some part thereof or interest therein, was subsequent to and subject to the lien of plaintiffs' mortgage, the Coyne deed, executed, as it was, subsequent to the date of the mortgage, was properly admissible for the purpose of showing that defendants did have some interest in the premises which was acquired subsequent to the time the lien of the mortgage attached, but not for the purpose of showing that the grantees therein named had assumed and agreed to pay the mortgage debt.

7. Had the plaintiffs desired to secure a personal judgment [4] against the defendants J. F. McLanahan and wife, they should have proceeded against them and by appropriate pleadings set up the facts on which they based their claim that those defendants were liable. (*Hibernia Savings & Loan Society* v. *Dickinson,* 167 Cal. 616, 140 Pac. 265; *Los Angeles Humane Society* v. *Adler,* 46 Cal. App. 35, 188 Pac. 827.)

8. Even in such an action the Coyne deed would be wholly insufficient to fix liability upon McLanahan, as proof would then be required that he acquired title by deed from the mortgagors containing the assumption of the mortgage debt, or by mesne conveyance through a chain of instruments containing such assumption ·and his acceptance thereof. (*Ward* v. *De Oca,* 120 Cal. 102, 52 Pac. 130.)

9. In an action against either the mortgagor or the grantee, or wherein they are joined as defendants, it is proper and necessary to prove the debt and nonpayment with present ownership, as the security or lien is dependent upon the existence and ownership of the debt, without which there would be no lien to foreclose and no liability upon the purchaser to pay any amount. (*Gilliam* v. *Black,* 16 Mont. 217, 40 Pac.

303; *Pittsburgh Plate Glass Co.* v. *Culbertson Hotel Co.,* 62 Mont. 605, 205 Pac. 957.)

10. In any such action the holders of interests or liens subsequent to the inception of plaintiff's rights are proper **[5]** and necessary parties defendant. (*Soliri* v. *Fasso,* 56 Mont. 400, 185 Pac. 322.)   J. F. McLanahan was, therefore, properly before the court, and, had the court had jurisdiction to enter a money judgment and a decree of foreclosure of the mortgage, the facts proven were sufficient to have supported a decree of foreclosure of the rights of this defendant, as it was shown that the debt existed and was unpaid, was a lien against the real estate described, and was owned by the plaintiffs, while the only interest shown in the record to be in this defendant was acquired subsequent to the mortgage.   This prima facie showing might have been refuted by a showing that Blanche A. Coyne acquired her interest in the premises prior to the date of the mortgage, but no such showing was made.   In other words, as against the McLanahans, plaintiffs made out a prima facie case, which was not refuted by a showing that the inception of such right as was shown did in fact antedate plaintiffs' lien.

11. However, it further appears from the pleadings and from the record that Fred B. Creese and wife are still the owners of the lots mortgaged, and the record contains no suggestion that they have parted with their title.   They are the parties primarily liable on the mortgage debt, and even if it appeared that McLanahan as a grantee had assumed the debt, without consent on the part of the mortgagee, such assumption would not relieve the mortgagor from liability to the mortgagee. (*Kinyon Investment Co.* v. *Belmont State Bank,* above.)

12. Again, on such a sale, the land itself remains the pri- **[6]** mary fund for the payment of the mortgage debt assumed by the purchaser, and both the mortgagee and the grantee are bound to protect the mortgagor by seeing that the security is

exhausted in satisfaction of the debt or a part thereof. (41 C. J. 736, and cases there cited.)

13. Without the existence of an unpaid overdue debt, no [7] lien existed which could be foreclosed, and nothing was before the court for determination, and, therefore, Creese and wife were indispensable parties to the action, and without their day in court no valid judgment and decree on the merits could be rendered. (*Pittsburgh Plate Glass Co.* v. *Culbertson Hotel Co.*, above; *Goodenow* v. *Ewer*, 16 Cal. 461, 76 Am. Dec. 540; *Burton* v. *Lies*, 21 Cal. 87; *Hutchinson* v. *Barr*, 183 Cal. 182, 190 Pac. 799; 2 Freeman on Judgments, 5th ed., 1604.)

14. Here we have a simple action for the foreclosure of a mortgage, commenced against the mortgagors, and in which a party claiming an interest in the property is made a party defendant. The only issue joined is as to whether the latter's interest is subject to the mortgage or paramount to it. The real parties in interest, indispensable parties to an adjudication, were not served with process, and their mere naming as defendants was ineffectual for any purpose. (*Pittsburgh Plate Glass Co.* v. *Culbertson Hotel Co.*, above.) They were entitled to their day in court in order to have a determination as to whether they were indebted to plaintiffs, and, if so, in what sum, and, as against both the plaintiffs and the answering defendants, to have the mortgaged premises sold and the receipts applied on such debt, if, in fact, the mortgage was the prior lien.

15. When, therefore, the cause was called for trial, it was not ready for trial. It was not at issue (sec. 9326, Rev. Codes 1921), except as to the minor question as to whether the McLanahan claim was subservient or paramount to the mortgage lien, which question was wholly dependent upon issue being joined on the major issues. It was not properly on the calendar. (Sec. 9330, Rev. Codes 1921.)

16. However, the complaint stated a cause of action, and, [8] under the issues tendered, the defendants .McLanahan were properly made .parties defendant for the purpose of fore-

closing any interest which they may have had which was subsequent to the mortgage. All that remained to be done was to take the vital step of serving the principal and indispensable parties with process, when issue might be joined and the cause placed on the calendar, where it would have remained until finally disposed of. (Sec. 9330, above.)

17. In the situation shown to the court, the action was not subject to dismissal on the grounds urged. The action which should have been taken was to vacate the setting erroneously made, and grant the plaintiffs a continuance on terms (sec. 9793, Rev. Codes 1921), as the error committed in setting the case down for trial was invited by the plaintiffs. The cause should be once tried, and no trial has been had.

For the reasons stated, the judgment is reversed and the cause remanded to the district court of Silver Bow county for further proceedings after the plaintiffs have either secured proper service upon Fred B. Creese and Stacy Creese, or shall have so amended their complaint as to state a cause of action against the answering defendants alone; the plaintiffs to recover their costs on appeal, less the sum of $10.50, the defendants' costs on the abortive trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.